

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St , N W*
*Washington, D C  20530*

February 14, 2011

Edward Sussman, Esq.
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C.  20004
Counsel for Henry Sarba

# FILED

## FEB 1 6 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Re:  *United States v. Henry Sarba*
**Criminal Number 10-256 (RMC)**

Dear Counsel:

This letter sets forth the full and complete plea offer between your client, Henry Sarba, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer must be accepted by the plea hearing scheduled for February 16, 2011. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

*Mr. Sarba's Obligations, Acknowledgments, and Waivers:*

1.      Your client, Henry Sarba, agrees to admit guilt and enter a plea of guilty to Count 31 of the Superseding Indictment, filed on February 4, 2011, which charges him with Threatening to Injure/Kidnap a Person, in violation of 22 D.C. Code § 1810. Your client understands that pursuant to 22 D.C. Code § 1810, and 24 D.C. Code § 403.01(b), the charge carries a maximum sentence of 20 years of imprisonment, a fine of $5000, and a term of three years' supervised release. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia before the date of sentencing. Your client further understands that the District of Columbia Sentencing Commission's Voluntary Sentencing Guidelines ("D.C. Sentencing Guidelines") would apply to determine your client's sentencing guidelines range, as described in paragraph 4, below. In agreeing to plead guilty, your client has read, or had read to him, the attached Proffer of Proof, and agrees that by signing the Proffer of Proof, he acknowledges that it is true and correct. He also agrees to admit, under oath during the

plea proceeding, that the facts set forth in the Government's Proffer of Proof in support of his plea herein are true and correct.

2. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

3. Your client knowingly and voluntarily waives or gives up all of your client's constitutional and statutory rights to a speedy trial and speedy sentence, and agrees that the plea of guilty pursuant to this agreement will be entered at a date set by the Court.

4. Your client understands that the sentence in this case will be determined by the Court. Your client further understands that because he is pleading guilty to an offense under the D.C. Code, the D.C. Sentencing Commission Voluntary Sentencing Guidelines ("D.C. Sentencing Guidelines") would apply to the court imposing the sentence for this offense. Based on a preliminary calculation of your client's applicable D.C. Sentencing Guidelines range, your client acknowledges that he may be subject to a term of incarceration of 6-24 months, and that he may be eligible for a probationary sentence or for a short-split sentence (*i.e.,* a sentence of up to 24 months, suspended for all but a period of six months or less of incarceration – but not all of the sentence – plus of period of no more than five years' probation). The Government and your client agree that neither the Government nor your client will seek an upward or downward departure from your client's applicable sentencing range under the D.C. Sentencing Guidelines. The Government agrees that it will not request a period of incarceration greater than 12-18 months, which falls within the mid-range of your client's applicable sentencing range.

5. (a) In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.

(b) Your client also knowingly and voluntarily waives or gives up all constitutional and statutory rights to a speedy sentence, and agrees that the plea of guilty pursuant to this agreement will be entered at a time decided upon by the government with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

6. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter, subject to the limitations in paragraph 4, above. In particular, the United States reserves its right to recommend a specific period of incarceration within the D.C. Sentencing Guidelines range (as noted in paragraph 4, above), and at any rate less than the maximum statutory penalty of incarceration, and a fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-

2

sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.

7.      Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

8.      Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(e) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea or in connection with your client's cooperation pursuant to this plea agreement will be admissible against your client for any purpose in any criminal or civil proceeding if your client's guilty plea is subsequently withdrawn.

9.      Your client understands and agrees that if your client should fail to specifically perform and to fulfill fully and completely each and every one of your client's obligations under this plea agreement, then: (a) the Government will be free from its obligations under the agreement; (b) your client will not be allowed to withdraw your client's guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) no motion for downward departure will be filed or sought and your client will be sentenced within the applicable D.C. Sentencing Guidelines range.

10.      Because your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case may subject him to detention, deportation and other sanctions at the direction of U.S. Immigration and Customs Enforcement. The Government will not preclude your client from raising, at any deportation proceeding, concerns for his safety in El Salvador. However, your client will be bound at any deportation proceeding by the facts and circumstances set forth in the Proffer of Proof in support of his plea of guilty, including that he is a member of the MS-13 street gang and that he committed the offense to which he has agreed to plead guilty in this agreement. Aside from this limited exception to raise his particular safety concerns in El Salvador, your client consents to removal from the United States following completion of his sentence, to waive rights relating to any and all forms of relief from removal or exclusion, to abandon any pending applications for such relief, and to cooperate with the Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE) during removal proceedings.

11.      Your client agrees that if an interpreter is required to assist your client in translating this Plea Agreement into your client's native language, then your client agrees to request the Court,

3

pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the Plea Agreement and related documents for your client into your client's native language. If no such request is made, then your client hereby declares that your client understands the English language sufficiently well to read and understand this Plea Agreement.

*The Government's Obligations, Acknowledgments, and Waivers:*

12.     This Office will not further prosecute your client for the conduct set forth in the attached Proffer of Proof. In addition, at the time of sentencing, the Government will move to dismiss all remaining counts in the pending indictment against your client. Your client agrees that with respect to any and all dismissed charges, your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 United States Code § 16 and/or 22 District of Columbia Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this agreement and to utilize evidence of all your client's narcotics trafficking activity, if any, as it is relevant to any charge of a crime of violence.

*General Conditions*

13.     This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

14.     This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

4

15.     There are no other agreements, promises, understandings or undertakings between your client and this Office.  Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

BY: _____
WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney

_____
LAURA GWINN
Special Assistant United States Attorney

_____
SETH ADAM MEINERO
Assistant United States Attorney