## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **Criminal No. 10-256 (RMC)** |
| | : | |
| **HENRY SARBA,** | : | |
| **also known as Henry Saravia,** | : | **FILED** |
| **also known as Flaco,** | : | |
| **also known as Flaco from Park View,** | : | **FEB 16 2011** |
| **Defendant.** | : | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

### GOVERNMENT'S PROFFER OF PROOF IN
### <u>SUPPORT OF DEFENDANT'S PLEA OF GUILTY</u>

The United States of America, by its attorney, the United States Attorney for the District of

Columbia, respectfully submits the following Proffer of Proof in Support of a Proposed Plea of

Guilty by the defendant to Count 31 of the Indictment in the above-captioned matter.

### *Elements of the Offense*

The essential elements of the offense of Threatening to Injure/Kidnap a Person, in violation

of 22 D.C. Code § 1810, each of which the Government must prove beyond a reasonable doubt to

sustain a conviction, are:

(1)    that the defendant spoke words heard by, or otherwise communicated to, Domingo

Garcia;

(2)    that the words the defendant spoke would cause a person reasonably to believe that

Domingo Garcia would be seriously harmed; and

(3)    that the defendant intended Domingo Garcia to believe that he would be seriously

harmed. The government is not required to prove that the defendant intended to carry out the threat.

In considering whether the Government has proved beyond a reasonable doubt that the defendant threatened Domingo Garcia, the court should consider all the evidence, including the circumstances under which the words were spoken; facial expression, body language, tone and inflection, punctuation, and other ways of giving words meaning; and the nature of the relationship between the parties.

### *Penalties for the Offense*

The penalties for Threatening to Injure/Kidnap a Person, pursuant to 22 D.C. Code § 1810, and 24 D.C. Code § 403.01(b), are:

(A)     a maximum statutory sentence of 20 years' imprisonment;

(B)     a fine of $5000; and

(C)     a term of three years' supervised release.


### *Factual Proffer*

The following proffer of the Government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor, to the extent it makes representations concerning anything the defendant said, is it a recitation of all that the defendant said.

Had this matter gone to trial, the Government's evidence would have shown, beyond a reasonable doubt, the following:

1.      Henry Sarba, also known as Henry Saravia, Flaco, and Flaco of Park View, is a

member of *La Mara Salvatrucha*, also known as MS-13 (hereafter "MS-13"). MS-13 is a criminal street gang composed primarily of immigrants or descendants of immigrants from El Salvador, with members operating throughout the United States, including within the District of Columbia.

2. MS-13 is a national and international criminal organization with over 10,000 members regularly conducting gang activities in at least 20 states and the District of Columbia, as well as in Mexico, Honduras, Guatemala, and El Salvador. MS-13 is one of the largest street gangs in the United States, and has been functioning in the United States since at least the 1980s.

3. Members of MS-13 are expected to protect the name, reputation, and status of the gang from rival gang members and other persons. MS-13 members require that all individuals show respect and deference to the gang and its membership. To protect the gang and to enhance its reputation, MS-13 members are expected to use any means necessary to force respect from those who show disrespect, including acts of intimidation and violence.

4. Members of MS-13 engage in criminal activity, including murders, attempted murders, narcotics distribution, assaults, robberies, extortions, stealing vehicles, and obstructing justice in the form of threatening and intimidating witnesses that they believe are cooperating with law enforcement. A common practice of MS-13 is to force individuals who are involved in illicit criminal activities, such as prostitution or drug distribution, to routinely pay "rent," or extortion money, to MS-13. MS-13 often forces the payment of rent by violence or threats.

5. MS-13 is organized in the District of Columbia and elsewhere in "cliques," that is, smaller groups operating in a specific city or region. MS-13 cliques sometimes work together cooperatively to engage in criminal activity and to assist one another in avoiding detection by law enforcement. The cliques operate under the umbrella rules of MS-13. In the District of Columbia

and surrounding metropolitan jurisdictions, these cliques include Sailors (SLSW), Normandy (NLS), Peajes, Western (WLS), Uniones (ULS), Fultons, and Park View. Members from different cliques often work together to commit crimes for the benefit of MS-13 as a whole.

6. On December 11, 2009, five members or associates of MS-13's Sailors and Fultons cliques – Wilfredo Mejia (also known as Freddie and Majestic), Omar R. Aguilar (also known as Omar Rivera-Aguilar and Flaco), Carlos Silva (also known as Carlos M. Silva-Corterz and Cangri), Luis Velasquez (also known as Peligro), and Dimas Perez (also known as Dimas Perez-Carvajal and Pelon) – planned and committed an armed burglary at 301 Taylor Street, N.W., Washington, D.C. The residence at this address was used as a bordello, that is, a prostitution house, which was operated by Domingo Garcia. Mejia, Aguilar, Silva, Velasquez, and Perez intended to rob the individuals affiliated with the bordello, including Garcia, and to force them to begin paying rent to MS-13.

7. During the December 11, 2009, armed burglary, five victims were inside the bordello. Mejia drove Aguilar, Silva, Velasquez, and Perez to the bordello to commit the armed burglary. Aguilar, Silva, Velasquez, and Perez entered the bordello, kidnaped, and robbed the victims inside at gunpoint and knifepoint. Garcia arrived at the entrance to the bordello during the commission of the armed burglary, but was not inside the bordello during the armed burglary. Garcia fled from the residence when someone chased him.

8. Sarba is affiliated with the MS-13's Park View clique. On December 11, 2009, Sarba was incarcerated at D.C. Jail in a case unrelated to the armed burglary at 301 Taylor Street. At some point between December 11, 2009, and December 18, 2009, Sarba learned about the armed burglary and learned that MS-13 members had been arrested and detained for their participation in the armed burglary. Sarba knew of the Taylor Street bordello and knew that Garcia was affiliated with that

bordello.

9.     On or about December 18, 2009, Sarba was released from D.C. Jail.  On or about that date, Sarba began calling people affiliated with the Taylor Street bordello.  Sarba called Garcia and two other individuals associated with the bordello, Mary Colon and Infain Cruz.  Sarba threatened to hurt Cruz if he did not pay rent to MS-13.  Sarba told Garcia and Colon not to go to court to testify against his "people" who were in jail (*i.e.*, the arrested MS-13 members), and told Garcia not to report anything to the police.  Sarba told Garcia that someone had offered to pay him to hurt Garcia, but he did not need money to hurt Garcia.  Sarba stated he would hurt Garcia because he "loves the Mara, and lives for the Mara."  He threatened to "beat the shit" out of Garcia if he did not pay the rent that MS-13 was seeking, which was $100 per week.

10.     Sarba called Garcia or Garcia's girlfriend at least three times between December 18, 2009, and April 2010, to threaten Garcia and coerce him to pay rent to MS-13.  By his conduct, Sarba intended to intimidate Garcia and others affiliated with the bordello, in order to enhance the reputation of MS-13, and to force the individuals affiliated with the bordello to respect and pay money to MS-13.

*Defendant's Acceptance*

I have read each of the six pages constituting this plea agreement and have discussed it with my attorney, Edward Sussman, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound and having had an opportunity to review the evidence against me. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 2-16-11

HENRY SARBA
Defendant

*Attorney's Acknowledgment*

I have read each of the six pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I have reviewed with my client much of the evidence available to the United States and I concur in my client's desire to plead guilty.

Date: 2-16-11

EDWARD SUSSMAN, Esquire
Attorney for the Defendant

6

*Defendant's Acceptance*

I have read and discussed this Proffer of Proof with my attorney, Edward Sussman, Esquire. I agree, and acknowledge by my signature, that the factual proffer in the Proffer of Proof is true and correct. I know of no facts or circumstances that would indicate that any person charged in the indictment pending against me, and whose actions are described in this Proffer of Proof, is not guilty as charged.

Date: 2-16-1(

HENRY SARBA
Defendant

Date: 2-15-11

EDWARD SUSSMAN, Esquire
Counsel for Defendant

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

BY:

WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney

LAURA GWINN
Special Assistant United States Attorney

SETH ADAM MEINERO
Assistant United States Attorney

-6-