UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MICHELLE NICOLE RIOS,<br>also known as La Licensiada,<br><br>        Defendant. | Criminal No. 10-256-05 (RMC) |

**DETENTION MEMORANDUM**

The defendant, Michelle Nicole Rios, also known as La Licensiada, has been charged along with ten (10) other co-defendants in a thirty-five (35) count grand jury indictment.  Defendant Rios has been charged with one count: unlawfully, knowingly, and intentionally conspiring to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise – here, a national and international criminal organization called *La Mara Salvatrucha*, also known as the MS-13 gang – through a pattern of racketeering activity consisting of multiple acts involving offenses chargeable under District of Columbia and Maryland law, in violation of 18 U.S.C. § 1962(d) ("RICO Conspiracy").  A detention hearing was held on February 14, 2011.  At the conclusion of the hearing, the Court found the defendant should be held without bond.  This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention."  18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, the Government proceeded by proffer.  According to the Government, defendant is a member of a national and international criminal organization called *La Mara Salvatrucha*, also known as the MS-13 gang.  MS-13 members are primarily immigrants or descendants of immigrants from El Salvador, with members operating throughout the United States, including within the District of Columbia.  Membership is estimated at 10,000 gang members worldwide.

The MS-13 gang conducts crimes including murder, attempted murder, narcotics trafficking, theft of vehicles, robberies, extortion, and human smuggling.  Each gang member is subject to a strict code of conduct, which includes being initiated into the gang by suffering a violent beating from other members.  Members use intimidation, violence, threats of violence, assaults, and murder to protect the power, territory, and profits of the gang, including threatening community members and other gang members to prevent cooperation with law enforcement officers.  MS-13 members pay dues that are collected at meetings and used for purchasing weapons and other supplies or distributed to MS-13 gang members imprisoned in the United States, El Salvador, and other countries.

The defendant is named as a participant in more than a dozen overt acts listed on the indictment including: sending multiple wire transfers via Western Union in order to provide currency to MS-13 leaders in El Salvador on or about July 2008, January 19, 2009, February 18, 2009, and March 9, 2009; attending a meeting on or about January 20, 2009 in which at least one person was initiated into the gang; participating in a beating administered as discipline by MS-13 to a gang member between or about March 2009 and July 2009; searching for rival gang members to kill on or about May 30, 2010; calling a woman in North Carolina between on or about April 16,

2010, and June 2010 and threatening to have her harmed by MS-13 members; and posting threatening messages directed at the same woman on Facebook social networking website. Additionally, between or about June 2009 and September 2009, an MS-13 member ordered a beating of defendant as discipline due to suspicion that she was cooperating with law enforcement.

Defendant is a citizen of the United States and is the mother of two children.

### Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Danger to the community alone is a sufficient basis upon which to order pretrial detention, if the judicial officer finds by clear and convincing evidence that defendant's pretrial release would constitute an unreasonable risk of danger to the community. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the safety of the community and defendant's future presence in court, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against defendant; (3) defendant's history and characteristics, including defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by defendant's release. *See* 18 U.S.C. §3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Here,

Defendant is charged with RICO conspiracy in support of a national and international criminal organization.  More than nine (9) overt acts are alleged in which defendant was a participant or active member, including allegations of a homicide.  Pursuant to 18 U.S.C. § 3142(f)(1)(A), pre-trial detention is authorized when a defendant is charged with a crime of violence.

The second factor, the weight of the evidence, also favors detention.  The government's evidence of these crimes includes informants, testimony of cooperating sources, and surveillance of telephone calls recorded by law enforcement.  Additionally, the grand jury found probable cause to believe the allegations described in the indictment.

The third factor, the history and characteristics of the defendant weighs in favor of pretrial detention.  Defendant does not have a criminal history and has two children, indicating her ties to the community.  However, this evidence is outweighed by the extremely violent nature of her alleged involvement in the MS-13 gang, indicating her willingness to engage in criminal activity and commit acts of terror and violence.

The fourth factor, the nature and seriousness of the danger to any person or the community should defendant be released, also favors detention.  The Court considers seriously the evidence that MS-13 gang members and leaders threaten community members and fellow gang members to prevent cooperation with law enforcement officers.  Given that defendant is involved in an eleven (11) defendant, thirty-five (35) count indictment, there is a substantial risk to the community if the defendant would be released and available to assist with MS-13's efforts to eliminate evidence and testimony offered in support of this indictment.  Additionally, defendant has been accused of calling a woman in North Carolina via telephone and Facebook and threatening to have her harmed by MS-13 members.

**Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed to reasonably assure compliance by the defendant, including the defendant's appearance at future court proceedings.  Therefore, the government's motion for pretrial detention is granted.

Dated: February 16, 2011                    _____/s/_____
                                            ALAN KAY
                                            UNITED STATES MAGISTRATE JUDGE