UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

MANUEL ANTONIO SARAVIA,
also known as Cholo,

                    Defendant.

Criminal No. 10-256-07 (RMC)

**DETENTION MEMORANDUM**

The defendant, Manuel Antonio Saravia, also known as Cholo, has been charged along with ten (10) other co-defendants in a thirty-five (35) count grand jury indictment. Defendant Saravia has been charged with one count: unlawfully, knowingly, and intentionally conspiring to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise – here, a national and international criminal organization called *La Mara Salvatrucha*, also known as the MS-13 gang – through a pattern of racketeering activity consisting of multiple acts involving offenses chargeable under District of Columbia and Maryland law, in violation of 18 U.S.C. § 1962(d) ("RICO Conspiracy"). A detention hearing was held on February 14, 2011. At the conclusion of the hearing, the Court found the defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**<u>Findings of Fact</u>**

At the detention hearing, the Government proceeded by proffer.  According to the Government, defendant is a member of a national and international criminal organization called *La Mara Salvatrucha*, also known as the MS-13 gang.  MS-13 members are primarily immigrants or descendants of immigrants from El Salvador, with members operating throughout the United States, including within the District of Columbia.  Membership is estimated at 10,000 gang members worldwide.

The MS-13 gang conducts crimes including murder, attempted murder, narcotics trafficking, theft of vehicles, robberies, extortion, and human smuggling.  Each gang member is subject to a strict code of conduct, which includes being initiated into the gang by suffering a violent beating from other members.  Members use intimidation, violence, threats of violence, assaults, and murder to protect the power, territory, and profits of the gang, including threatening community members and other gang members to prevent cooperation with law enforcement officers.  MS-13 members pay dues that are collected at meetings and used for purchasing weapons and other supplies or distributed to MS-13 gang members imprisoned in the United States, El Salvador, and other countries.

The defendant is named as a participant in more than a dozen overt acts listed on the indictment including: an assault in Maryland on October 15, 2009; shooting an individual in the District of Columbia on or about December 9, 2009; sending multiple wire transfers via Western Union in order to provide currency to MS-13 leaders in El Salvador on or about December 28, 2009, March 4, 2010, and March 20, 2010; attending a meeting on or about February 20, 2010 to discuss whether defendant should be sent to another city to assist in organizing an MS-13 organization; attending a meeting on or about March 6, 2010 where members, including defendant,

discussed the proper method of "jumping in" or initiating in a new member; attending a meeting on or about March 19, 2010 where defendant was directed to investigate whether an individual was cooperating with law enforcement and it was discussed that Felipe Leonardo Enriquez, also known as Zombie, may need to be killed; murdering Felipe Leonardo Enrique, also known as Zombie, in Maryland on or about March 31, 2010; telling an MS-13 gang leader in El Salvador that he had killed rival gang members on or about April 18, 2010; attending a meeting on or about April 23, 2010 and discussing extorting a deported gang member who had recently returned to the United States; searching for rival gang members to kill on or about May 30, 2010; and threatening a person by telephone on or about July 10, 2010.

Defendant is a citizen of El Salvador who is lawfully residing in the United States. Due to the grand jury indictment, the U.S. Immigration and Customs Enforcement Agency (ICE) has lodged a detainer upon this defendant. Defendant is thirty-one years old and does not have a criminal history.

### Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Danger to the community alone is a sufficient basis upon which to order pretrial detention, if the judicial officer finds by clear and convincing evidence that defendant's pretrial release would constitute an unreasonable risk of danger to the community. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the safety of the community and defendant's future presence in court, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against defendant; (3) defendant's history and characteristics, including defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by defendant's release.  *See* 18 U.S.C. §3142(g).

The first factor, the nature and circumstances of the offense, favors detention.  Here, defendant is charged with RICO conspiracy in support of a national and international criminal organization.  More than a dozen overt acts are alleged in which defendant was a participant or active member, including allegations of a homicide.  Pursuant to 18 U.S.C. § 3142(f)(1)(A), pre-trial detention is authorized when a defendant is charged with a crime of violence.

The second factor, the weight of the evidence, also favors detention.  The government's evidence of these crimes includes informants, testimony of cooperating sources, and surveillance of telephone calls recorded by law enforcement.  Additionally, the grand jury found probable cause to believe the allegations described in the indictment.

The third factor, the history and characteristics of defendant, also weighs for pretrial detention.  Defendant has no criminal history and had several family members in the courtroom for the detention hearing, indicating his ties to the community.  However, this evidence is outweighed by the extremely violent nature of his alleged involvement in the MS-13 gang, indicating his willingness to engage in criminal activity and commit acts of terror and violence.

The fourth factor, the nature and seriousness of the danger to any person or the community should defendant be released, also favors detention.  The Court considers seriously the evidence that

MS-13 gang members and leaders threaten community members and fellow gang members to prevent cooperation with law enforcement officers. Given that defendant is involved in an eleven (11) defendant, thirty-five (35) count indictment, there is a substantial risk to the community if the defendant would be released and available to assist with MS-13's efforts to eliminate evidence and testimony offered in support of this indictment.

Finally, the U.S. Immigration and Customs Enforcement Agency (ICE) has lodged a detainer upon this defendant, such that, were this Court to release him in this case, he would nonetheless remain in custody.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed to reasonably assure compliance by the defendant, including the defendant's appearance at future court proceedings.  Therefore, the government's motion for pretrial detention is granted.

Dated: February 16, 2011                  _____/s/_____
                                          ALAN KAY
                                          UNITED STATES MAGISTRATE JUDGE