UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA                    :

           v.                               :          CR. NO. 10-256-04 (RMC)


HENRY SARBA

   a/k/a   HENRY SARAVIA                     :


MEMORANDUM IN AID OF SENTENCING

The defendant, having entered a plea of guilty the D.C. Code offense of Threatening to

Injure a Person in violation of 22 D.C. Code §1810 will appear before this honorable court for

sentencing on May 4, 2011.  He respectfully requests that the court consider the following in

imposing sentence in this matter.

1.  At the outset, it should be noted that the offense of conviction is governed by the

advisory guidelines of the D.C. Superior Court.  The probation office has calculated those

guidelines to be between 6 and 24 months.   It is counsel's belief that the guidelines are correctly

computed and, as in federal court, provide a starting point for the court's sentencing

determination.  The government, as part of the plea bargain, has agreed to recommend a sentence

in the 18 to 24 month range.  For the reasons that follow, the defendant believes that a sentence of

approximately 13 months ("time served") constitutes an appropriate resolution of this matter.

Offense Conduct

2. Mr. Sarba was arrested in April 2010 and charged in the D.C. Superior Court with the

1

identical conduct that is the subject of his plea in this case.  After approximately six months, the case was dismissed and charges were brought in federal court.  The initial indictment in this court, and the Superior Court, stemmed from a December 2009 armed burglary of a northwest bordello. The defendant, who was incarcerated on a misdemeanor Bail Act violation at the time, had nothing to do with that violent incident.

3. Unfortunately, sometime after his release, in April 2010, he communicated information to witnesses of that event, and the proprietor of the bordello, that became the basis of this prosecution.  The communications fell into the categories of intimidating witnesses and requesting that monthly payments bet made to MS-13.

4.  The defendant was not part of the "clique" that is alleged to have committed the initial offense.[1]  Likely, he was "tasked" to perform this assignment because he had a pre-existing relationship with the proprietor of the bordello and its employees.   Previously, Mr. Sarba had done public relations work for the bordello, handing out cards that promoted its services. Additionally, he had been allowed to sleep there when he found himself homeless.  Likely, this familiarity with potential witnesses led to the request (from others) that he intervene in the matter. Anyone knowledgeable about the ways of MS-13 might consider this an offer that could not be refused.

5. While a member of MS-13 since he was initiated at the age of 13 in El Salvador, the defendant's participation in gang activities has been scant since he entered this country illegally. As the presentence report states, Mr. Sarba's departure from El Salvador was prompted by a gang

---

[1]Additional violent conduct has been added to the superseding indictment.  None of this involves the defendant in any manner.

dispute that placed his life in jeopardy.  While he has had some involvement with the criminal justice system since his entry into the United States, none of his *previous* conduct involved either violence or threatened violence.   With no legal status, he will be deported when his sentence is completed.  Ironically, he believes that MS-13 poses a major threat to his well-being when he is returned to El Salvador.

The Defendant

6. At the age of 21, with limited education and no particular vocational skill, Mr. Sarba faces a difficult future in his homeland.  His release in this case will undoubtedly be followed by a lengthy period of detention in an immigration facility.   His real problems, he believes, await him upon his return to San Salvador.   His past transgressions have not been forgotten by his former MS-13 colleagues and peaceful resolution of that dispute appears unlikely.   Despite his fear for his safety, these concerns will do nothing more than perhaps slow the deportation process.

7. Mr. Sarba will have served approximately 13 months on offense of conviction.  This includes his time in Superior Court added to the time in federal court.   The time will clearly fall well inside the advisory guidelines and inside the range that to which the government has agreed. Given the immigration detainer and the additional incarceration that awaits, it seems that extended his sentence will serve no useful goal.

8. Mr. Sarba has never denied his wrongdoing and entered his guilty plea at the first opportunity afforded him.  His offense has cost him dearly since it led directly to him forfeiting his chance to reside in this country.  Counsel believes that a sentence of "time served" would be consistent with all purposes of sentencing.

WHEREFORE, for the foregoing reasons, the defendant respectfully requests that this

3

honorable court sentence the defendant in the manner suggested in this memorandum.


Respectfully submitted,


_____/s/_____

Edward C. Sussman No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 737-7110



CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a copy of the foregoing was served, this 25th day of April,

2011 on all interested parties through the court's electronic filing system.


_____/s/_____

Edward C. Sussman

-4-