**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

                                                    **:**

    **v.**                                        **Case No. 10-CR-256-08 (RMC)**

                                                    **:**

**NOE MACHADO-ERAZO**                                **:**

                                                    **:**

## DEFENDANTS' MOTION TO SUPPRESS

The defendant, Noe Machado-Erazo, by his undersigned counsel, in the above-captioned matter, hereby respectfully moves that this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress any statements obtained from an unlawful interrogation by government agents.

### I.

On or about February 9, 2011 , Defendant was taken into custody and interrogated by law enforcement officers. During the interrogation, the Defendant was improperly induced to make certain statements. The interrogation of the Defendant was carried out in the absence of counsel, which resulted in the Defendant making certain statements. These statements have been  characterized by the police as incriminatory in nature.

## II.

Defendant moves to suppress all statements made by him to police officers on the following grounds:

1. Non-compliance with the requirements of warning of constitutional rights and waiver  thereof preceding custodial interrogation; and

2. The presence of a coercive atmosphere created by police custody and interrogation which resulted in undermining the privilege against compelled self-incrimination.

## III.

Failure to comply with Miranda:

While in custody, Defendant made oral and written statements to law enforcement officers.  From investigation, it is believed that Defendant did not execute a waiver of rights, and if there is a written waiver, it was made under duress and coercion, and his constitutional rights were not waived prior to custodial interrogation.   Defendant anticipates the Government will be unable to comply with the warning and waiver requirements of Miranda v. Arizona, 384 U.S. 436 (1966), as further explicated in Edwards v. Arizona, 451 U.S. 477 (1981) and Smith v. Illinois, 469 U.S. 91, 97-98 (1985).   The Government has failed to comply with the constitutional and statutory requirements regarding

the advisement of and waiver of certain of Defendant's rights.   The Report of Investigation provided in discovery by the Government contains three glaring omissions:  There is no indication that defendant was Mirandized, that he gave the statement voluntarily and knowingly, and whether there was a Spanish speaker present to translate. Mr. Machado-Erazo does not speak any English.

IV.

Defendant was not adequately advised of his constitutional right to remain silent and right to the presence of an attorney, and did not knowingly, voluntarily or intelligently waive his constitutional rights pertaining to his custodial interrogation. The Supreme Court has determined that the Fifth and Fourteenth Amendment's prohibition against compelled self-incrimination requires that custodial interrogation be preceded by advice to the Defendant that he has the right to remain silent and the right to the presence of an attorney.   Miranda v. Arizona, 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966).   Miranda warnings are required before custodial interrogation begins.  Id. at 444-45. A custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Illinois v. Perkins, 496 U.S. 292, 296, 114 S.Ct. 1526, 1529, 128 L.Ed.2d 293

(1990). To determine whether or not a person is in custody, one must examine the objective circumstances of interrogation, not the subjective views harbored by either the interrogating officers or the person being questioned. Stansbury v.California, 511 U.S. 318, 323, 114 S.Ct. 1526, 1529, 128 L.Ed.2d 293 (1994). The Court must look to how a reasonable man in the suspect's position would have understood the situation. Id., quoting Berkemer v. McCarty, 468 U.S. 420, 442, 104 S.Ct. 3138, 3151, 82 L.Ed.2d 317 (1984). Moreover, the Government must show the statements were obtained without coercion or improper inducement. Colorado v. Connolly, 479 U.S. 157, 107 S.Ct. 515 (1986). Any person in Defendant's position would have understood himself to be in custody and not free to leave. Defendant anticipates that the Government will not be able to establish that his custodial interrogation was preceded by advice to him that he had the right to remain silent and the right to the presence of an attorney. Defendant will also show that Government agents improperly induced him to make such statements.

WHEREFORE, PREMISES CONSIDERED, Defendant prays this Honorable Court will set this motion down for pretrial evidentiary hearing and thereafter order suppression of evidence.

Respectfully submitted,

_____/s/_____
Kira Anne West
1325 G Street, NW
Suite 500
Washington, D.C. 20005
D.C. Bar No. 993523
202-236-2042
kiraannewest@gmail.com
Attorney for Noe Machado-Erazo

## Certificate of Service

I hereby certify that on this 5th day of May, 2012, a true and correct copy of the foregoing Motion was served via the ECF system on the other counsel registered in ECF on this case.

_____/s/_____
Kira Anne West