**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| ) | |
| v.    ) | Cr. No. 10-256 (RMC) |
| ) | |
| ) | **MOTION TO** |
| ) | **SUPPRESS STATEMENT** |
| MANUEL SARAVIA    ) | |
| _____ ) | |

COMES NOW Manuel Saravia, through counsel, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure to respectfully request this Honorable Court to prohibit, at the trial in this matter, the use of any and all statements made by the defendant. In support of this motion counsel has provided the accompanying Memorandum of Points and Authorities.

Dated: May 7, 2012

Respectfully submitted,

_____
Joseph R. Conte, Bar #366827
Counsel for Manuel Saravia
Law Offices of J.R. Conte
Washington, D.C. 20004
Phone:        202.638.4100
Fax:            202.628.0249
E-mail:        dcgunlaw@gmail.com

STATEMENT.wpd 071231Z MAY 12                1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA     )
            )
            )
            )
    v.           )    Cr. No. 10-256 (RMC)
            )
            )    **MEMORANDUM OF POINTS**
            )    **AND AUTHORITIES**
MANUEL SARAVIA       )    **IN SUPPORT OF DEFENDANT'S**
            )    **MOTION TO SUPPRESS STATEMENTS**
_____)

## BACKGROUND

On February 9, 2011, SAC/DC Special Agents Robert Nieves and William Shaw arrested the defendant and interviewed the defendant. The defendant made statements to the agents. The statement were made while the defendant was in custody and prior to being advised of or fully understanding his *Miranda v. Arizona* 384 U.S. 463 (1966) rights or the waiver of these rights was defective. Additionally the statements were not voluntary.

## ARGUMENT

Before interrogating a person who is in custody "or otherwise deprived of his or her  freedom of action in any significant was," the police must expressly advise the person (1) that he or she has a right to remain silent; (2) that any statement he or she makes may  be used as evidence against him or her; (3) that he or she is entitled to "to

consult with a lawyer and to have a lawyer with him or her during interrogation"; (4) that an attorney will be appointed to represent him or her if he or she cannot afford to retain one; and (5) that he or she may exercise any of these rights at any point during the interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444, 471 (1966). *Accord Dickerson v. United States* 120 S.Ct. 2326 (2000)  The *Miranda* requirements apply if a person is in custody "or otherwise deprived of his freedom of action in any significant way."  384 U.S. at 444.  See also, *Rhode Island v. Innis*, 446 U.S. 291 (1980).

The government has the burden of proving by a preponderance of the evidence that the defendant's confession or statement is voluntary.  See *Lego v. Twomey*, 404 U.S. 477, 484 (1972); *United States v. Wiggins*, 166 U.S. App. D.C. 121, 128, 509 F.2d 454, 461 (1975); *Hawkins v. United States*.  The test for voluntariness is whether the confession is "the product of an essentially free and unconstrained choice by its maker.: *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961) (plurality opinion), approved in *Schneckloth v. Bustamonte*, 412 U.S. 218, 225-26 (1973).

The question of the voluntariness of a confession is separate and distinct from the issue of compliance or non-compliance with the requirements of *Miranda v. Arizona*, 384 U.S. 436 (1966).  Thus as the evidence will show voluntariness may still be an issue even though the Miranda requirements have been met. *See United States v. Bernett*, 161 U.S. App. D.C. 363, 368-70, 495 F.2d 943, 948-50 (1974).

The Supreme Court has noted that "a confession, in order to be admissible, must be free and voluntary;  that is, . . . not. . . obtained by any direct or implied promises, however slight.: *Shotwell Mfg. Co. v. United States*, 371 U.S. 341, 347 (1963) (quoting

STATEMENT.wpd 071231Z MAY 12                   3

*Bram v. United States*, 168 U.S. 532, 542-43 (1897)).  Promises of leniency or threats of additional prosecution made by the police constitute psychological "coercion," so that resulting statements are involuntary.  See *United States v. Blocker*, 354 F.Supp. at 1201 n. 31.

A hearing on this motion will show that the defendant's statements were not voluntary and were made while under arrest but before the defendant was advised of his rights or before the defendant fully understood his rights.

WHEREFORE counsel respectfully requests that this motion be granted.

Dated: May 7, 2012

_____
Joseph R. Conte

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by the Electronic Case Filing System on all parties.

_____
Joseph R. Conte, Bar #366827
Counsel for Manuel Saravia
Law Offices of J.R. Conte
Washington, D.C. 20004
Phone:          202.638.4100
Fax:             202.628.0249
E-mail:         dcgunlaw@gmail.com

STATEMENT.wpd 071231Z MAY 12                                       4