**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| *v* | * | **Criminal Case № 10-cr-256-09 (RMC)** |
| | * | |
| **JOSE MARTINEZ AMAYA** | * | |

**DEFENDANT MARTINEZ AMAYA'S MOTION TO SUPPRESS
STATEMENTS WITH SUPPORTING POINTS AND AUTHORITIES**

Defendant, **JOSE MARTINEZ AMAYA**, through his attorney, Joseph Virgilio, respectfully moves this Court, pursuant to the Fifth Amendment to the United States Constitution and FEDERAL RULES OF CRIMINAL PROCEDURE (FED R CRIM P) Rules 12(b)(3) and 47 to suppress as evidence against him testimony regarding statements obtained in violation of his rights. In support of this motion, counsel states the following:

1.      On February 9, 2011, approximately four hours after his arrest, Office of Homeland Security, Immigration and Customs Enforcement (ICE) Special Agents Robert Nieves and William Shaw interviewed Defendant Martinez Amaya who made statements to the agents. Those statements were summarized in a *Report of Investigation* (Report № 172) which was prepared on February 17, 2011.

2.      It appears that no portion of Defendant's interrogation was recorded in any way. Defendant was apparently not asked to reduce his statement to writing nor to even acknowledge the accuracy of the summary of his statement.

3.      The United States has provided no written documentation concerning the events between the time of Defendant's formal arrest and transportation to the site of the interrogation.

4.      Because the encounter between Mr Martinez Amaya and Special Agents Nieves and Shaw was not consensual and violated defendant's Fifth Amendment right to remain silent, all evidence which is the fruit of the illegal actions of the government agents must be suppressed, including any identification and statements that may have resulted from Mr Martinez Amaya's encounter with government agents.

5.      Defendant would also rely on such further information, not yet known to counsel which may be revealed in additional discovery, the government's pleadings, and a hearing on this Motion.

## POINTS AND AUTHORITIES

Since Mr Martinez Amaya was under arrest when Special Agents Nieves and Shaw interrogated him, any statements they obtained from him must be suppressed because they were obtained in violation of his Fifth Amendment rights. The government must prove by a preponderance of the evidence that the defendant voluntarily made the statements to the government agents. *Lego v Twomey*, 404 US 477, 484 (1972);see also, *Colorado v Connelly*, 479 US 157, 168, 107 SCt. 515, 93 LEd2d 473 (1986) (reaffirming *Lego*); and, the government must prove that the statements were "the product of an essentially free and unconstrained choice" on Mr Martinez Amaya's part. *Schneckloth v Bustamonte*, 412 US 218, 225-6 (1973) The Court must consider the "totality of circumstances" surrounding the confessions. *Haynes*

*v Washington*, 373 US 503, 513, 83 SCt. 1336, 10 LEd.2d. 513 (1963). The "totality of the circumstances"requires consideration of "both the characteristics of the accused and the details of the interrogation."*Schneckloth*, *supra,* 412 US at 226. It is through an evidentiary hearing on this issue that all the factors going towards involuntariness can be brought out.

Mr Martinez Amaya's response to questioning by government agents was neither spontaneous nor voluntary. The interrogation of Mr Martinez Amaya took place without the presence of counsel, in spite of Mr Martinez Amaya's repeated request for an attorney. The evidence at a hearing on this motion will show that at the time Mr Martinez Amaya made the statements he had no choice but to submit to the overwhelming authority the agents exercised over him and answer the questions the agents asked him despite his signing the US Immigration and Customs Enforcement *Declaración de Derechos* [Statement of Rights] and the *Renuncia a los Derechos* [Waiver of Rights].

Separate and apart from the inquiry of whether Mr Martinez Amaya made the statements spontaneously and voluntarily is the determination of whether the government agents complied with the requirements of *Miranda v Arizona*, 384 US 436, 444 (1966), *viz—*

> The prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.

Although, the Office of Homeland Security, Immigration and Customs Enforcement (ICE) form indicates that Mr Martinez Amaya was "Mirandized" using that form, the government

does not carry its heavy burden of proof by merely introducing a signed waiver of rights card or by showing that the accused made statements after admission of *Miranda* warnings. *Teague v Louisiana*, 444 US 469 (1980). A hearing is requested to determine if Mr Martinez Amaya was properly administered the *Miranda* warning. Even to any statement allegedly made after Mr Martinez Amaya was administered, and waived, his *Miranda*, such a waiver, if it occurred, was not knowing and voluntary. It is the government that bears the burden of demonstrating that Mr Martinez Amaya waived his *Miranda* rights, that any such waiver was knowing and voluntary, or that Mr Martinez Amaya, in fact, made the statements attributed to him. *See Lego*, *supra* 404 US at 489.

**WHEREFORE,** for the foregoing reasons, and for any others which may become apparent at a hearing on this motion, defendant respectfully requests the Court to grant this motion and suppress all fruits of this illegal encounter between Mr Martinez Amaya and government agents.

Respectfully submitted,

/s/ *Joseph Virgilio*

Joseph Virgilio (Bar N° 237370)
1629 K Street NW
Suite 300
Washington  DC   20006-1631
202.686.6914
ATTORNEY FOR JOSE MARTINEZ AMAYA
Appointed by the Court