**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal No. 10-cr-256-06 (RMC)** |
| | **:** | |
| **HECTOR DIAZ FLORES, et al.** | **:** | |
| | **:** | |

**HECTOR DIAZ FLORES' MOTION TO**
**EXCLUDE ALLEGEDLY INTRINSIC EVIDENCE OF**
**PRIOR BAD ACTS NOT CHARGED IN THE INDICTMENT**

**COMES NOW** the Defendant, Hector Diaz Flores, by counsel, and respectfully

moves this honorable Court for an order excluding all evidence that the government seeks

to admit on the ground that it is "intrinsic" to the criminal charges alleged in the

indictment, including those uncharged acts that are related to allegations specified as

overt or predicate acts in this Indictment.   Mr. Diaz Flores files this motion in

conjunction with his motion to sever, and his motions to exclude irrelevant and

prejudicial gang evidence, which he incorporates by this reference, and relies upon the

Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution, and Rules

8 and 14 of the Federal Rules of Criminal Procedure.   As grounds for his motion, Mr.

Diaz Flores cites the following points and authorities.

Mr. Diaz Flores is charged by Indictment with Murder in Aid of Racketeering, in

violation of 18 U.S.C. § 1959(a)(1), and First Degree Murder While Armed

(Premeditated), in violation of 22 D.C. Code §§ 2101 & 4505.   These charges, identified

as counts twenty-nine and thirty in the superseding indictment, arise out of an incident on

or about December 12, 2008, in which Mr. Diaz Flores and several associates – presumed

members of *La Mara Salvatrucha* ("MS-13") – attacked a group of rival gang members resulting in the stabbing death of Giovanni Sanchez.   None of Mr. Diaz Flores' codefendants charged in this superseding indictment have been charged or implicated in the death of Mr. Sanchez.

As of the date Mr. Diaz Flores is filing this motion, the government has not provided notice of 404(b) evidence that it intends to introduce during its case-in-chief. Without waiving any objections to the admission of any 404(b) evidence against Mr. Diaz Flores, the Defense now objects to the admission of any evidence that the government alleges or will argue is "intrinsic" to the charged conspiracy or substantive offenses, which is not charged in the indictment, and which the government will argue it is not required to notice under 404(b).  Simply put, if the government intends to introduce bad acts evidence against Mr. Diaz Flores, it must be alleged in the indictment or notice under 404(b) to be admissible, and it should be foreclosed from introducing such evidence on the basis that it is "intrinsic" or "inextricably intertwined".

An assertion that uncharged crime evidence is "intrinsic", and thereby, an exception to Rule 404(b), is simply a shortcut that nullifies restrictions on the use of "bad act" evidence as well as the duty to provide notice.  As one commentator long ago noted, an argument that unnoticed and uncharged offenses is intrinsic to the acts alleged in the indictment serves

> as a substitute for reasoning, and the confusion of thought inevitably accompanying the use of inaccurate terminology, nowhere better illustrated than in the decisions dealing with the admissibility of evidence as 'res gestae.'  It is probable that this troublesome expression owes its existence and persistence in our law of evidence to an inclination of judges and lawyers to avoid the toilsome exertion of exact analysis and precise thinking.

Edmund M. Morgan, *A Suggested Classification of Utterances Admissible as Res Gestae*, 31 YALE L. J. 229, 229 (1922).

In this vein, Mr. Diaz Flores opposes that admission of any evidence of uncharged conduct that the government alleges is intrinsic or inextricably intertwined because it is an attempt to bypass Rule 404(b) and its attendant notice requirement, but also because it comes freighted with the implicit understanding that the evidence is admissible for all purposes despite its obvious and prejudicial bearing on Mr. Diaz Flores' character thereby eliminating his entitlement to a jury instruction. *See* Fed. R. Evid. 105. Likewise, there is a significant risk that admitting evidence as intertwined or intrinsic will short-circuit the process of proof and logic by taking an assertion and treating it as if it were conclusively proven. This at once lightens the government's burden of proof, while allowing for the jury to consider evidence that is nothing more than propensity. Permitting the government to engage in the artifice of intrinsic or intertwined evidence relieves it of its notice obligations and Mr. Diaz Flores' right to due process – i.e., his right to a pretrial determination of admissibility and his right to an appropriate jury instruction.

There is no general exception to Rule 404 that allows the government to introduce uncharged offense evidence in order to "complete the story" or "explain" all the relevant circumstances. *United States v. Bowie*, 232 F.3d 923, 927-29 (D.C. Cir. 2000). Rather, analysis of admissibility of any uncharged offense requires significantly greater precision. "[I]t cannot be that all evidence tending to prove the crime is part of the crime" because that would make Rule 404(b) a legal "nullity". *Id*. at 929. In rejecting the numerous attempts to give meaning to these diffuse terms, the Court noted: "We do

not find these formulations particularly helpful.  Some are simply circular; inextricably intertwined evidence is intrinsic, and evidence is intrinsic if it is inextricably intertwined."  *Id.*  Others are over-broad, and thus, threaten to override Rule 404(b), such as where a defendant's uncharged offense is only tangentially related to the charged crime but nevertheless it is argued that it "completes the story" or "explains the circumstances" of the charge on trial.  If the proffered evidence did not "explain" or "incidentally involve" the charged crime, it would be irrelevant, and thus, inadmissible.  *Id.; see* Fed. R. Evid. Rule 401 & 402.

Because "there is no general 'complete the story' or 'explain the circumstances' exception to Rule 404(b), in this Circuit," and such a broad exclusion cannot be feasibly grounded "in the 'other crimes, wrongs, or acts' language of the rule, Rule 404(b), and particularly its notice requirement, should not be disregarded on such a flimsy basis."  *Bowie*, 232 F.3d at 929.  As such, if the government intends to introduce any bad act evidence, other than the charged offenses, against Mr. Diaz Flores at his trial, it must either allege those acts in the indictment or provide appropriate notice under Rule 404(b), so that the Defense may challenge its admissibility.

*Conclusion*

**WHEREFORE**, Mr. Diaz Flores, by counsel, respectfully requests that the Court grant this motion and enter an order excluding all evidence that the government alleges is "intrinsic" to the criminal charges alleged in the indictment, including those uncharged acts that are related to allegations specified as overt or predicate acts in this Indictment.

Respectfully submitted,

HECTOR DIAZ FLORES
By Counsel


_____/s/_____
JOSEPH T. FLOOD
Sheldon & Flood, P.L.C.
10621 Jones Street, Suite 301-A
Fairfax, Virginia  22030
(703) 691-8410
jflood@csfdefense.com


_____/s/_____
Mark J. Carroll
9520 Reach Road
Potomac, Maryland  20854
(301) 762-6453
markjcarroll@hotmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will then send a notification of such filing to the other parties in this matter.

_____/s/_____
JOSEPH T. FLOOD