**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 10-cr-256-06 (RMC)** |
| | : | |
| **HECTOR DIAZ FLORES, et al.** | : | |
| | : | |

## HECTOR DIAZ FLORES' MOTION TO STRIKE IMPROPER ALIAS

**COMES NOW** the Defendant, Hector Diaz Flores, by counsel, and respectfully moves this honorable Court for an order to strike from the indictment and the superseding indictment, the reference to the defendant as "Littleman". As set forth herein, the assignment by the Government of an alias to the defendant is unfairly prejudicial and not supported by the evidence in this case. The Court has the authority to strike the alias from the indictment and any other reference to it.

### Relevant Facts

The indictment and the superseding indictment in this case designates the defendant as the fourth co-defendant. Immediately below his name appears the words: *also known as Littleman*

Based upon counsel's review of the discovery in this case, there is no basis to attribute the alleged alias to the defendant.

### Legal Analysis

Federal Rule of Criminal Procedure 7(d) provides that upon defendant's motion the Court may strike surplusages from the indictment or information.  Generally, courts disapprove of including aliases in the indictment as an ordinary course and believe that their use should be curbed. See United States v. Wilkerson, 456 F.2d 57, 59 (6th Cir. 1972). The rule most often followed is that aliases may be used when the Government

intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment. United States v. Clark, 541 F.2d 1016, 1018 (4th Cir. 1976). If the Government is unable to demonstrate the relevancy of an alias, they may be stricken from the indictment. Id. at 1018; See also United States v. Ramos, 839 F. Supp. 781, 788 (D. Kan. 1993)(striking aliases from the defendant's indictment in a pretrial motion because the Government did not show that the aliases were used in a way to identify the defendant in connection with the acts)).  And pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure, a defendant is entitled to have alleged aliases stricken from an indictment if they are not relevant to proof of identification or the specific acts charged.  *United States v. Moya-Gomez*, 860 F.2d 706, 762 (7th Cir. 1988), *cert. denied*, 492 U.S. 908 (1989); *see also United Staes v. Hines*, 955 F.2d 1449, 1454 (11th Cir. 1992) (use of alias in indictment permissible only if necessary to connect defendant to acts charged); *United States v. Orena*, F.Supp. 20, 25 (E.D.N.Y. 1995) (granting defendant's motion to strike aliases from indictment).  Indeed, it has long been recognized that "[i]t is best to avoide the use of an alias, particularly where … there seems to be no relevant purpose for including it in the indictment."  *United States v. Cowden*, 454 F.2d 257, 267-68 (1st Cir. 1976), *cert. denied*, 430 U.S. 909 (1977).

Since there is no evidence that Mr. Diaz Flores used or was known by the alias contained in the indictment or, even if he was, that this is relevant to establish his identity or other relevant fact, the Government cannot claim that the inclusion of the alias in the Superseding Indictment is necessary to identify Mr. Diaz Flores or that it is necessary to connect Mr. Diaz Flores with the acts charged. Therefore, it should be struck from the Superseding Indictment.

Federal Rule of Evidence 403 authorizes this Court to preclude the introduction of evidence in which the probative value is outweighed by the danger of unfair prejudice. The mere suggestion by the Government that Diaz Flores used or was known by the alias, "Littleman" is unfairly prejudicial as it suggests some nefarious need for a secret or hidden name by the defendant to hide his true identity from law enforcement. By adding an alias for Mr. Diaz Flores to the indictment, the Government must intend the jury to believe that Mr. Diaz Flores used aliases while performing a role in the alleged conspiracy and thus show that Mr. Diaz Flores was conscious of his guilt. See, e.g.,

United States v. Ruggiero, 824 F.Supp. 379, 397 (S.D.N.Y.1993); United States v. Ramos, 839 F.Supp. 781, 788 (D.Kan.1993). In Ramos, the Court struck the aliases from the defendant's indictment in a pretrial motion because the Government did not show that the aliases were used in a way to identify the defendant in connection with the acts. Id. at 787-788.  In this case the Government similarly lacks a foundation for the attribution of an alias to the defendant.

*CONCLUSION*

For all these reasons, defendant Diaz Flores requests that this Court strike the aliases for Mr. Diaz Flores from the Superseding Indictment and any other reference to it in this case.

Respectfully submitted,

HECTOR DIAZ FLORES
By Counsel


_____/s/_____
JOSEPH T. FLOOD
Sheldon & Flood, P.L.C.
10621 Jones Street, Suite 301-A
Fairfax, Virginia  22030
(703) 691-8410
jflood@csfdefense.com


_____/s/_____
Mark J. Carroll
9520 Reach Road
Potomac, Maryland  20854
(301) 762-6453
markjcarroll@hotmail.com

3

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will then send a notification of such filing to the other parties in this matter.

_____/s/_____
JOSEPH T. FLOOD

4