**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | **CRIMINAL NO.   10-256 (RMC)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **WILFREDO MEJIA,** | **:** | |
| | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**MEMORANDUM IN AID OF SENTENCING**

The United States of America, by its undersigned counsel, hereby files its Memorandum in Aid of Sentencing in this matter.   For the reasons set forth below and as may be further explained at the sentencing hearing, the government asks, in accordance with the plea agreement, that the Court sentence the defendant to 141 months incarceration—57 months on Count 1 and 84 months on Count 23.

**I.      SENTENCING FACTORS**

In sentencing a defendant, after calculating the appropriate guideline range, the Court must consider the factors set forth in 18 U.S.C. Section 3553.   See Gall v. United States, 552 U.S. 38 (2007).   These factors are in keeping with the traditional factors used by courts when imposing a sentence:    (1) the protection of society against wrongdoers; (2) the punishment or discipline of the wrongdoer; (3) the reformation of the wrongdoer; and (3) the deterrence of others from the commission of like offenses.   See Spanziano v. Florida, 468 U.S. 447, 477-78 (1984) (Stevens, J., concurring); see also Williams v. New York, 337 U.S. 241, 251 (1949). Further, under the Guidelines and Section 3553, similarly situated defendants should receive like punishments.   See 18 U.S.C. Section 3553(a)(6).

## II.    FACTUAL BACKGROUND

As set forth in the plea proffer and pre-sentence report, the defendant pled guilty to RICO conspiracy in violation of 18 U.S.C. Section 1962(d) (Count 1) and possession of a firearm during a crime of violence in violation of 18 U.S.C. Section 924(c)(1)(A)(2) (Count 23).   In particular, the defendant, a member of MS-13, led other members of MS-13 in the robbery of bordello located at 300 Taylor Street, N.W., Washington, D.C. on December 11, 2009.[1]   Two of the defendant's fellow MS-13 members forced their way into the house while armed with a handgun.   A short while later, two others entered the house while armed with a knife.   They tied at least one of the victims up with the victim's shoe laces.   They made clear that they were from MS-13 and robbed the victims of what little money they had.   Fortunately, the police arrived within fifteen minutes approximately and no one was seriously injured.   The defendant also directed that his fellow MS-13 members extort "rent" from certain businesses to benefit the gang.

## III.    VICTIM IMPACT

The government sent victim impact forms to the victims in this case.   One or more of them may choose to speak to the Court at sentencing.

## IV.    SENTENCING RECOMMENDATION

---

[1]   The pre-sentence report writer gave the defendant three points for his role in the offense based on the number of participants involved in the December 11, 2009 robbery.   In negotiating the plea in this case, the government agreed that the defendant should only receive a two level increase because, while he was a leader and organizer of this particular robbery, there are charged defendants who played a much larger leadership role in the overall MS-13 enterprise and charged conspiracy.

The agreed sentence in this case adequately punishes the defendant for his conduct and serves as an effective deterrent.   While the defendant did not personally enter the bordello, it is difficult to overstate the terrifying nature of the robbery.   The nearly twelve year sentence is entirely appropriate.

Given the defendant's age and his involvement with MS-13, the government has little hope that he will reform while incarcerated.   The defendant's plea in this matter has saved the government resources and provides the certainty of a guilty verdict.   The government also recognizes the difficult upbringing that the defendant had.   However, ultimately, the defendant chose to join one of the most notorious gangs in the world and chose to lead an armed robbery to benefit the gang.

Accordingly, for all these reasons, the government asks that the Court impose the 141 month sentence agreed to by the parties.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar No. 447-889

BY:            /S/
NIHAR R. MOHANTY
Assistant United States Attorney
D.C. Bar No. 436-686
555 Fourth Street, N.W., Room 4120
Washington, D.C. 20530
(202) 252-7700
nihar.mohanty@usdoj.gov (email)

3