UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,      )
                               )
      v.                       )            Case No. 1:10-cr-256-03 (RMC)
                               )
                               )
WILFREDO MEJIA,                )
            Defendant          )

DEFENDANT'S SENTENCING MEMORANDUM

Pursuant to Title 18 U.S.C. § 3553(a), Federal Rule of Criminal Procedure

32, and Section 6A1.3 of the *United States Sentencing Guidelines*, the Defendant,

through counsel, hereby notifies the Court that he has received and reviewed the

Presentence Report ("PSR") prepared in this case. The defendant has no objections

to the PSR.

For the reasons set forth herein, the defendant submits that a sentence of

141 months – the sentence agreed to by the parties, pursuant to Federal Rule of

Criminal Procedure 11(c)(1)(C) - is sufficient, but not greater than necessary to

address the sentencing factors and goals set forth in Title 18 U.S.C. § 3553.

## I.  Legal Standard

The selection of an appropriate sentence from within the guidelines range,

as well as the decision to depart from the range in certain circumstances, are

decisions left solely to the sentencing court. *Williams v. United States*, 503 U.S.

193, 195 (1992). The sentencing guidelines are merely advisory. *United States v.

Booker*, 543 U.S. 220 (2005). The Supreme Court has made clear that the

Sentencing Guidelines have become only one of the many factors that a sentencing

court should consider. See *Gall v. United States*, 552 U.S. 38, 49 (2007) ("The

1

Guidelines are not the only consideration … the district judge should consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party").  In reviewing the factors, the court may not presume the Guidelines range is reasonable. Id.

Section 3553 of Title 18 of the United States Code enumerates certain factors a district court is to consider when sentencing a defendant who has been convicted of a federal offense.  Namely, the court may consider the nature and circumstances of the offense and the history and characteristics of the defendant. See 18 U.S.C. § 3553(a)(1).  The court may also consider the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, and provide just punishment; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  Id. at § 3553(a)(2)(A-D).

## II.   18 U.S.C. 3553 Factors
### A.   Nature and Circumstances of the Offense

Mr. Mejia is remorseful with respect to his involvement with the criminal conduct he has agreed to: namely, his participation in the RICO conspiracy and possession of a firearm during a crime of violence in connection with the robbery of a bordello located in Washington, D.C. on December 11, 2009.

### B.  History and Characteristics of Mr. Mejia

The defendant has never been convicted of a felony and has a Criminal History Category of I.  He was born in El Salvador, is the youngest of three children, and lived with his grandmother when his parents emigrated to the United

States.  When he was 15 years old, his grandmother died and he, his sister, and his brother came to the United States to reunite with their mother.

### C. Respect for the Law and Just Punishment

Mr. Mejia's imprisonment will separate him from his family and children. Because of his involvement in the conspiracy, Mr. Mejia now has a felony conviction and the stigma that attaches to it.  The imposition of a twelve-year sentence will adequately deter any future criminal conduct and serve as general deterrence to the public.

### III.  Conclusion

Based on the foregoing, Wilfredo Mejia respectfully requests the Court impose a term of imprisonment of 141 months for the offense conduct, a sentence which is sufficient, but not greater than necessary to address the sentencing factors and goals set forth in Title 18 U.S.C. § 3553.

Respectfully submitted,

WILFREDO MEJIA

By Counsel

/s/ Pleasant S. Brodnax, III
Pleasant S. Brodnax, III
1701 Pennsylvania Avenue, NW
Suite 300
Washington, D.C. 20006
(202) 462-1100
valawyer@erols.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing position with respect to sentencing was filed by CM/ECF on the 2nd day of October 2012, which will send a notification of such filing (NEF) to the following:

Nihar Mohanty
Assistant U.S. Attorney
United States Attorney's Office
555 Fourth Street, NW
Washington, DC 20530
(703) 252-7700
nihar.mohanty@usdoj.gov@usdoj.gov

/s/ Pleasant S. Brodnax, III
Pleasant S. Brodnax, III
Counsel for WILFREDO MEJIA
1701 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C.  20006
(202) 462-1100
valawyer@erols.com