**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | **CRIMINAL NO.  10-256 (RMC)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **MARIO LOPEZ RAMIREZ,** | **:** | |
| | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## MEMORANDUM IN AID OF SENTENCING

The United States of America, by its undersigned counsel, hereby files its Memorandum in Aid of Sentencing in this matter.   For the reasons set forth below and as may be further explained at the sentencing hearing, the government asks that the Court sentence the defendant to 151 months incarceration.

## I.    SENTENCING FACTORS

In sentencing a defendant, after calculating the appropriate guideline range, the Court must consider the factors set forth in 18 U.S.C. Section 3553.   See Gall v. United States, 552 U.S. 38 (2007).   These factors are in keeping with the traditional factors used by courts when imposing a sentence:    (1) the protection of society against wrongdoers; (2) the punishment or discipline of the wrongdoer; (3) the reformation of the wrongdoer; and (3) the deterrence of others from the commission of like offenses.   See Spanziano v. Florida, 468 U.S. 447, 477-78 (1984) (Stevens, J., concurring); see also Williams v. New York, 337 U.S. 241, 251 (1949). Further, under the Guidelines and Section 3553, similarly situated defendants should receive like punishments.   See 18 U.S.C. Section 3553(a)(6).

## II.    FACTUAL BACKGROUND

As set forth in the plea proffer and pre-sentence report, the defendant pled guilty to RICO conspiracy in violation of 18 U.S.C. Section 1962(d) (Count 1).   In particular, the defendant attended MS-13 meetings where MS-13 members, including the defendant, discussed extortion and the discipline of gang members through beatings.   The defendant assaulted a suspected rival gang member in October, 2009.   Finally, on December 9, 2009, the defendant shot a suspected rival gang member five times causing serious injury to the victim.

## III.    VICTIM IMPACT

The government sent a victim impact form to the victim in this case.   We have not received a completed form back from the victim.   He may choose to speak to the Court at sentencing.

## IV.    SENTENCING RECOMMENDATION

A sentence of 151 months adequately punishes the defendant for his conduct and serves as an effective deterrent.   The defendant has shown that he is fully supportive of MS-13 and its goals.   He has participated in multiple assaults on behalf of the gang and has shot a rival gang member.   A sentence of nearly thirteen years is entirely appropriate.

Given the defendant's age and his involvement with MS-13, the government has little hope that he will reform while incarcerated.   The defendant's plea in this matter has saved the government resources and provides the certainty of a guilty verdict.   The government also recognizes the difficult upbringing that the defendant had.   However, ultimately, the defendant chose to join one of the most notorious gangs in the world and chose to shoot a rival gang member.

Accordingly, for all these reasons, the government asks that the Court impose a sentence 151 months.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar No. 447-889


BY: _____/S/_____
NIHAR R. MOHANTY
Assistant United States Attorney
D.C. Bar No. 436-686
555 Fourth Street, N.W., Room 4120
Washington, D.C. 20530
(202) 252-7700
nihar.mohanty@usdoj.gov (email)

3