

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

**FILED**

**DEC -7 2012**

Clerk, U.S. District and
Bankruptcy Courts

November 16, 2012

William Purpura
8 East Mulberry Street
Baltimore, MD 21202

Howard Katzoff
717 D Street, NW Suite 310
Washington, D.C. 20004

> **Re: United States v. Dennis Gil-Bernardez,**
> **also known as Pando, also known as Dopre**
> **Criminal No. 10-256-15 (RMC)**

Dear Msrs Purpura & Katzoff:

      This letter confirms the agreement between your client, Dennis Gil-Bernardez, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

*Mr. Gil-Bernardez's Obligations, Acknowledgments and Waivers:*

      1.    Your client, Dennis Gil-Bernardez, agrees to admit guilt and enter a plea of guilty to Count One of the Indictment which charges Gil-Bernardez with conspiracy to conduct and

1

participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, in violation of Title 18, United States Code, Section 1962(d), that is, RICO conspiracy. The conspiracy specifically alleges and your client will admit his guilt in racketeering acts involving murder in violation of 22 District of Columbia Code, §§ 2101 and 2103, and in violation of Maryland Code Criminal Law §§ 2-201, 2-204, 2-205, 2-206 and the Common Law of Maryland, and attempted murder in violation D.C. Code § § 22-1803, 22-2101, and 22-4501. Your client understands that pursuant to 18 United States Code, § 1963(a)(1), the maximum sentence for RICO conspiracy is life imprisonment and/or a fine of $250,000. In addition, your client is subject to a term of supervised release of at least five years. Your client agrees to pay a special assessment of $100 to the Clerk of the Court of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that the United States Sentencing Guidelines Manual ("Sentencing Guidelines") will apply to determine your client's guideline range, and that pursuant to Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

2. Your client acknowledges and agrees that the government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute. Your client also agrees that if any illegal firearms or illegal contraband were seized by any law enforcement agency from the possession of or the direct or indirect control of your client, then your client consents to the administrative forfeiture, official use and/or destruction of said firearms or contraband by any law enforcement agency involved in the seizure of these items.

3. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

4. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right to be presumed innocent, the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty, which includes a right to remain silent and not be forced to testify in his own defense; the right to an indictment; the right to be tried by a jury ,or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines factual, determinations, as well as the final Sentencing Guidelines calculations.

5. Your client and the government agree that an 80 year sentence, is an appropriate sentence for the offense to which your client is pleading guilty. The parties further agree that the defendant shall be entitled to prior custody credit beginning on December 8, 2008. Consistent with Section 5G1.3 of the United States Sentencing Guidelines, the Court shall depart downward 48 months and impose a sentence of 76 years (912 months), commencing as of the date of sentencing, to run concurrently with the sentence in Case No. 1:09-cr-216 handed down in the Eastern District of Virginia. The government also agrees, pursuant to Federal Rules of Criminal

Procedure 11(c)(1)(C), to present this plea agreement to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed to by the parties, then the Court will embody in the sentence and the judgment the disposition provided for by this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understand that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw his plea of guilty, or if your client persists in his guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement. Your client further understands that if the Court rejects this agreement, the government also has the right to withdraw from the agreement and to be freed from all obligations under this agreement, and may in its sole discretion bring additional or different charges before the defendant enters a guilty plea. This agreement with respect to sentence affects only incarceration. The otherwise applicable statutory and Guideline provisions are applicable to other sentencing incidents, specifically fines and any term of supervised release.

6. Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act", to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language. Your client agrees that it is unnecessary for the plea document to be re-written into your client's native language.

*The Government's Obligations, Acknowledgments and Waivers:*

7. This Office will dismiss the remaining charges in the Indictment against your client at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact

*General Conditions:*

8. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. Your client has not agreed to cooperate in exchange for any considerations contained within this agreement. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

9. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

10. There are no other agreements, promises, understandings or undertakings between your client and this Office . Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

BY: _____
LAURA GWINN
Trial Attorney
United States Department of Justice
Criminal Division

_____
NIHAR MOHANTY
Assistant United States Attorney

*Defendant's Acceptance*

      I have read each of the six (6) pages constituting this plea agreement and have discussed it with my attorneys, William Purpura and Howard Katzoff. My attorney has had this plea agreement translated into Spanish, so that I may fully understand it. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound and having had an opportunity to review the evidence against me. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

      I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 12/7/2011             _____
                                              DENNIS GIL-BERNARDEZ, Defendant

*Attorney's Acknowledgment*

    I have read each of the six (6) pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I have reviewed with my client much of the evidence available to the United States and I am not aware of any reason why my client is not competent to plead guilty and cooperate with the government as set forth in this agreement.

Date: 12/7/2012

_____
WILLIAM PURPURA, Esquire
Attorney for the Defendant

Date: 12/7/2012

_____
HOWARD KATZOFF, Esquire
Attorney for the Defendant