IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Crim. No. 10-cr-256-08 (RMC) |
| | § | Crim. No. 10-cr-256-09 (RMC) |
| NOE MACHADO-ERAZO, | § | Crim. No. 10-cr-256-20 (RMC) |
| JOSE MARTINEZ-AMAYA, | § | |
| YESTER AYALA | § | |

**DEFENDANTS' MEMORANDUM OF LAW**
**CHALLENGING THE CONSTITUTIONALITY OF JURY SELECTION**

The Sixth and Fourteenth Amendments require that "jury wheels, pools of names,

panels, or venires from which juries are drawn must not systematically exclude distinctive

groups in the community and thereby fail to be reasonably representative thereof." Taylor v.

Louisiana, 419 U.S. 522, 538 (1975).   Machado-Erazo, and his co-defendants contend that the

jury venire from which their jury was selected violates this constitutional principle and therefore

this Court should strike the jury and empanel a new venire that is more representative of the

population of the District of Columbia.

The Supreme Court has articulated a three-part test to establish a violation of what has

become known as the "fair-cross-section" requirement.  Defendants must show, "(1) that the

group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation

of this group in venires from which juries are selected is not fair and reasonable in relation to the

number of such persons in the community; and (3) that this underrepresentation is due to

systematic exclusion of the group in the jury-selection process." Duren v. Missouri, 439 U.S.

357, 364 (1979).

The venire in this case meets all three prongs of this test.  This Court questioned seventy

potential jurors to the venire.  Of those seventy potential jurors, only three appear to have

Hispanic surnames and there is some questions whether these individuals even identified themselves as Hispanic.   Defendants are not in possession of demographic information on who comprised the jury venire that day but have requested such information and renew this request at this time.  It is well-established that Hispanics constitute a "distinctive group in the community." United States v. Saborit, No. CR00-4017, 2005 WL 2347103 at *4 (N.D. Iowa, Sept. 26, 2005).

The nature of the current venire also violates the second part of the Duren test.  The three "potential"[1] Hispanics on the venire amount to 4.3% of the entire pool.  This is not fair and reasonable in relation to the percentage of Hispanics in the community.  According to the U.S. Cencus Bureau, persons identified as "Hispanic or Latino Origin" constitute 9.5% of the Washington, D.C. population as of 2011.  In Duren, the Supreme Court found that in a community that was half women, a venire where only 15% of the potential jurors were women violated this "reasonable relation" requirement.  See Duren, 439 U.S. at 365-66.

Finally, Defendants contend that this underrepresentation is due to the systematic exclusion of Hispanics in the jury-selection process.   We do not have proper information on the number of jurors that were called for this venire only that 70 showed up that day to be questioned.   Why did no, or so few, Hispanics show up for jury duty?  The failure to provide any meaningful method for enforcing the jury summons has amounted to a systematic under-inclusion of Hispanics on the jury venire.

Additionally, Defendants contend that the make up of the current jury is in violation of their Constitutional protections afforded under the Equal Protection Clause of the Fourteenth Amendment because one of the only Hispanic jurors was removed based solely on the basis of

---

[1] For argument sake we will assume that the three Hispanic last names are indeed representative of Hispanic origin for these three jurors.  Defendants contend that they need access to the juror information in order to determine if any of the jurors were, in fact, Hispanic in origin.

race.  The Government exercised one of its few peremptory challenges to exclude one of the only Hispanic surnames that would be eligible for service on the jury given the court's "top down" selection process (Juror #0736).   Additionally, this was one of the only jurors to indicate a fluency in Spanish.  In light of this, and the lack of any other race neutral reason for elimination of this juror given her limited answers to questions asked at the time, the Defendants object to this improper strike under the standards set out in Batson v. Kentucky, 476 U.S. 79 (1986).

In addition, Defendants object to the prejudicial application of the selection of alternates in this case.   The Court contacted counsel via email on June 14, 2013 stating that a mistake had been made by the Court.  It was through no fault of defendant Machado-Erazo or his co-defendants that this mistake was made.   At this point the jury had not been sworn in.   The Court announced via this email that a change in the jury make-up would be made due to a clerical numbering error.   A juror has been skipped in the juror list and should have been juror #3 but was left off the original jury make-up by the Court.  The Court renumbered the jurors resulting in the original juror#16 being excluded from the jury as newly constituted.   Because this juror had been selected by the defense as an alternate juror, this means that the defendants have to choose another alternate.  However, the court has ordered that the selection of this alternate can not be any juror prior to juror #12 (now 13) due to the "top down" selection process announced earlier by the Court.  In essence, the Defendants are now unfairly restricted in who they may choose as an alternate.  Requiring them to only choose between the available jurors 15 and 16, as Seats 12 and 14 are the Government alternates and 13 is the remaining Defense alternate.[2]   This is fundamentally unfair and prejudices the defense in choosing the composition of the jury that will deliberate on this case.

---

[2] In an email received by counsel on June 14, 2013 from the Court it was stated that choosing the once omitted jury member as an alternate is not an option.

Respectfully submitted,

_____/s/_____

Kira Anne West
1325 G Street, NW
Suite 500
Washington, D.C. 20005
D.C. Bar No. 993523
202-236-2042
kiraannewest@gmail.com
Attorney for Noe Machado-Erazo

_____/s/_____

Billy L. Ponds
Counsel for Yester Ayala
Bar Number 379883
The Ponds Law Firm
1250 24th Street, NW
Suite 300
Washington, DC 20037
Telephone Number: 202-333-2922
E-Mail: plfpc@aol.com

_____/s/ Joseph Virgilio_____

Joseph Virgilio (Bar No. 237370)
1629 K Street NW
Suite 300
Washington DC 20006-1631
Tel/Fax 202.686.6914
*Attorney for Jose Martinez Amaya*
(Appointed by the Court)

### Certificate of Service

I hereby certify that on this 17th day of June, 2013, a true and correct copy of the foregoing Defendant Machado-Erazo's Motion was served via the ECF system on all counsel of record in this case.

/s/_____

Kira Anne West