**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal Nos.  10-256-08 (RMC)** |
| | **:** | **10-256-09 (RMC)** |
| **NOE MACHADO-ERAZO,** | **:** | **10-256-20 (RMC)** |
| **also known as Gallo** | **:** | |
| **JOSE MARTINEZ-AMAYA,** | **:** | |
| **also known as Crimen,** | **:** | |
| **YESTER AYALA,** | **:** | |
| **also known as Freeway,** | **:** | |
| **also known as Daddy Yankee,** | **:** | |
| **Defendants.** | **:** | |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT ON DURESS ABSENT EVIDENCE OF AN IMMINENT THREAT TO THE DEFENFANTS**

The United States, by its undersigned counsel, hereby moves to preclude further testimony, evidence, and argument as to the defendants' apparent duress defense.   In cross-examination of several witnesses, defense counsel have elicited testimony that members of MS-13 are subject to beatings and worse if they do not follow the gang's rules or orders. Presumably, they mean to argue that they themselves were coerced into criminal actions because of the gang's rules and orders.  However, as demonstrated below, unless the defendants can show an unlawful threat of imminent death or serious bodily injury, they should be precluded from raising such evidence or argument before the jury.  *United States v. Nwoye*, 663 F.3d 460 (D.C. Cir. 2011).

## I.    ARGUMENT

District of Columbia law places a very high bar on the affirmative defense of duress.[1]  It must be shown that the defendant "acted under an unlawful threat of imminent death or serious bodily injury."  *United States v. Nwoye*, 663 F.3d 460, 462 (D.C. Cir. 2011) (internal citations omitted) (affirming trial court's refusal to give duress instruction).  Furthermore the threat must be grave and immediate.  *Id.*   Finally, the defendant must have no "reasonable, legal alternative to committing the crime."  *Id.*   In the context of gangs or other criminal organizations, several circuits have made clear that a duress defense cannot rest on  a generalized fear of retribution.  "Nor is the defense of duress available to a person who contends that he has joined either voluntarily or under compulsion a criminal organization which is devoted to violating the law of the land, even if he asserts that he has acted under the orders of that organization in fear of his life."  *United States v. Campbell,* 675 F.2d 815, 820 (6th Cir.), *cert. denied,* 459 U.S. 850 (1982); *United States v. Cornelius,* 696 F.3d 1307, 1323 (10th Cir. 2012); *United States v. Jennell,* 749 F.2d 1302, 1305 (9th Cir. 1982) (" . . . fear alone is not sufficient to make a *prima facie* case of duress"); *United States v. Moreno*, 102 F.3d 994 (9th Cir. 1996).

In this case, defendant Yester Ayala intends to raise a duress defense.  He has thus far cross-examined witnesses intending to show that MS-13 members are subject to punishment for failing to follow orders, including orders to kill.  Counsel for Ayala has indicated that he intends to call Dr. Gregory DeClue to testify as to Ayala's mental abilities to show that he was

---

[1] Because the murders are predicated on state law, the court must consider state law with regard to substantive defenses.  *See*, *United States v. Muskovsky*, 863 F.2d 1319, 1330-31 (7th Cir. 1988).  Defendants Machado-Erazo and Martinez-Amaya are not entitled to a duress instruction because such a defense is not available for.  *McMillan v. State,* 428 Md. 333, 348 (2012) ("It is now well-settled, however, that the defense of duress is a viable defense in Maryland, but that it does not apply in the case of murder.").  Although the District of Columbia appellate courts have not specifically addressed whether duress is available as a defense to murder, dicta in at least one case suggests that it may be.  *See McCrae v. United States,* 980 A.2d 1082, 1088 (D.C. 2009).

susceptible of being coerced and to call his Ayala's mother to testify about threats she received following Ayala's arrest.

While defense counsel are permitted wide latitude in cross-examination, the Court should not allow the testimony of Ayala's mother or Dr. DeClue absent a proffer from the defendant that would satisfy the standards set forth in *Nwoye.*  Ayala should be required to indicate what evidence he has to show that he was under a threat of imminent serious bodily harm if he did not remain in MS-13, kill Luis Membrano Zelaya, or kill Giovanny Sanchez.  If he cannot meet the standard set forth in *Nwoye*, the proffered testimony is irrelevant and misleading to the jury.  *See United States v. Gaviria,* 116 F.3d 1498, 1530-32 (D.C. Cir. 1997) (affirming trial court's refusal to allow defendant who participated for 13 months in a drug conspiracy to argue duress); *see also United States v. Bagcho*, 2012 WL 517546 (D.D.C.) (Huvelle, J.) (refusing to allow defendant to argue or allude to duress absent prima facie evidence of the defense).

Thus far, defendant Ayala has shown nothing more than that MS-13's members have a generalized fear of harm at some unspecified time if they do not follow MS-13's orders.  That is simply not enough to show duress and allowing him to argue duress in these circumstances would elevate the rules of the gang above the law.  *See United States v. Slocum*, 486 F. Supp. 2d 1104, 1115-16 (C.D. Ca. 2007).  Indeed, under the duress theory advances thus far by defendant Ayala, the only members of MS-13 that could ever be found guilty of crimes would be the highest ranking members who are imprisoned in El Salvador.  The law does not support that theory, and the Court should not allow irrelevant and misleading evidence to be put before the jury accordingly.  *Gaviria*, 116 F.3d at 1530-32.

WHEREFORE, for the foregoing reasons, the government asks that the Court preclude further evidence or argument of duress absent a proffer that satisfies the duress standard articulated in the several cases cited in this motion.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar No. 447-889

BY:    _____/S/_____

NIHAR R. MOHANTY
Assistant United States Attorney
D.C. Bar No. 436-686
555 Fourth Street, N.W., Room 4120
Washington, D.C. 20530
(202) 252-7700
nihar.mohanty@usdoj.gov (email)

_____/S/_____

LAURA GWINN
Trial Attorney, U.S. Department of Justice
Organized Crime & Gang Section
1301 New York Ave, N.W. Suite 700
Washington, D.C. 20530
(202) 353-9178