UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal Nos.  10-256-14 (RMC) |
| | : | 10-256-16 (RMC) |
| **MOISES HUMBERTO RIVERA-LUNA,** | : | |
| also known as Santos, | : | |
| also known as Viejo Santos, | : | |
| **TOKIRO RODAS-RAMIREZ,** | : | |
| also known as Perverso, | : | |
| also known as Johnny, | : | |
| | : | |
| **Defendants.** | : | |

## MOTIONS IN *LIMINE* TO PRECLUDE EVIDENCE AND ARGUMENT ON DURESS ABSENT EVIDNECE OF AN IMMINENT THREAT TO DENFENDANTS AND SPECIFIC MENTION OF THE 2013 TRIAL

The government, acting through undersigned counsel, respectfully submits these motions in *limine* pertaining to trial in the above-captioned matter and requests that this Court issue an Order to: (1) preclude evidence and argument on duress absent evidence of an imminent threat to defendants and (2) preclude specific mention of the 2013 trial.

## ARGUMENT

All "relevant evidence is admissible," except as otherwise provided by the Constitution of the United States, federal statute, the Federal Rules of Evidence, or by other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Irrelevant evidence is not admissible. *Id*. Relevant evidence is evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Although relevant, evidence may be excluded if "its probative value is *substantially outweighed* by the danger of . . . confusion of the issues, or misleading the jury." Fed. R. Evid. 403 (emphasis added).

Although not formally recognized in the rules for federal practice, a motion *in limine* is a tool a court can use in executing its gate-keeping function. *See United States v. Holland*, 41 F.Supp.3d 82, 89 (D.D.C. 2014) (internal citations omitted) ("While neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence expressly provide for motions *in limine,* [a] [c]ourt may allow such motions 'pursuant to the district court's inherent authority to manage the course of trials.'"). In alignment with that authority, a trial judge is "afforded broad discretion in rendering evidentiary rulings, a discretion which extends to assessing the probative value of the proffered evidence and weighing any factors against admissibility." *Barnes v. District of Columbia*, 924 F.Supp.2d 74, 79 (D.D.C. 2013) (citing S*print/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008)). This discretion is not limited to just the evidentiary ruling but also applies to "the threshold question of whether a motion *in limine* presents an evidentiary issue that is appropriate for ruling in advance of trial." *Holland*, 41 F.Supp.3d at 89. The government submits these motions in *limine* requesting this court preclude or otherwise limit testimony or evidence concerning the following:

1. **Evidence and Argument on Duress.**

District of Columbia law places a very high bar on the affirmative defense of duress.[1] It must be shown that the defendant "acted under an unlawful threat of imminent death or serious bodily injury." *United States v. Nwoye*, 663 F.3d 460, 462 (D.C. Cir. 2011) (internal citations omitted) (affirming trial court's refusal to give duress instruction). Furthermore, the threat must be

---

[1] Because the murders are predicated on state law, the court must consider state law with regard to substantive defenses. *See United States v. Muskovsky*, 863 F.2d 1319, 1330-31 (7th Cir. 1988). In some states, particularly Maryland, duress is not a defense for murder. *See McMillan v. State,* 428 Md. 333, 348 (2012) ("It is now well-settled, however, that the defense of duress is a viable defense in Maryland, but that it does not apply in the case of murder."). Although the District of Columbia appellate courts have not specifically addressed whether duress is available as a defense to murder, dicta in at least one case suggests that it may be. *See McCrae v. United States,* 980 A.2d 1082, 1088 (D.C. 2009).

grave and immediate, and the defendant must have no "reasonable, legal alternative to committing the crime." *Id.* In the context of gangs or other criminal organizations, several circuits have made clear that a duress defense cannot rest on a generalized fear of retribution. "Nor is the defense of duress available to a person who contends that he has joined either voluntarily or under compulsion a criminal organization which is devoted to violating the law of the land, even if he asserts that he has acted under the orders of that organization in fear of his life." *United States v. Campbell,* 675 F.2d 815, 820 (6th Cir. 1982), *cert. denied,* 459 U.S. 850 (1982); *United States v. Cornelius,* 696 F.3d 1307, 1323 (10th Cir. 2012); *United States v. Jennell,* 749 F.2d 1302, 1305 (9th Cir. 1982) (". . . fear alone is not sufficient to make a *prima facie* case of duress"); *United States v. Moreno*, 102 F.3d 994 (9th Cir. 1996).

While defense counsel is permitted wide latitude in cross-examination, this Court has discretion to place "limits on cross-examinations…based on among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). Accordingly, the Court should not allow the testimony or evidence of duress absent a proffer from the defendants that would satisfy the standards set forth in *Nwoye*. The defendants should be required to indicate what evidence they have showing that they were under a threat of imminent serious bodily harm if they did not commit a murder or assault. If they cannot meet the standard set forth in *Nwoye*, the proffered testimony is inadmissible. *See United States v. Gaviria,* 116 F.3d 1498, 1530-32 (D.C. Cir. 1997) (affirming trial court's refusal to allow defendant who participated for 13 months in a drug conspiracy to argue duress); *see also United States v. Bagcho*, Crim. Action No. 06–00334 (ESH), 2012 WL 517546 (D.D.C. February 16, 2012) (Huvelle, J.) (refusing to allow defendant to argue or allude to duress absent *prima facie* evidence of the defense).

A defendant showing nothing more than MS-13 members and associates having a generalized fear of harm at some unspecified time if they do not follow MS-13's orders or rules is insufficient for a duress defense, and allowing a defendant to argue duress in these circumstances would elevate the rules of the gang above the law. *See United States v. Slocum*, 486 F. Supp. 2d 1104, 1115-16 (C.D. Ca. 2007) ("Accepting this type of generalized threat as sufficient would greatly expand the law of duress in the gang context and again promote the 'law of the jungle' over that of civilized society."). Indeed, such a position would only subject the highest-ranking members of MS-13 to criminal liability, giving lower-ranking members who joined the gang knowingly and voluntarily a "get out of jail free card" for their participation in criminal activity. Moreover, such a position would weaken, if not eliminate, the immediacy requirement for a defense of duress. The law does not support that position, and, accordingly, the Court should not allow irrelevant and misleading evidence to be put before the jury. *Gaviria*, 116 F.3d at 1530-32.

2. **Reference to the Prior Trial**

In June 2013, three defendants went to trial (hereinafter, "2013 trial") in this case. Several of the witnesses who testified in the 2013 trial are expected to testify in the instant trial. Therefore, the government requests that the 2013 trial be referred to as a "prior proceeding" should the parties need to reference the 2013 trial in questioning witnesses. For example, if the parties are impeaching a witness with the transcript of their testimony in the 2013 trial, the parties would refer to the testimony as being given during a prior proceeding and not a prior trial. Allowing the jury to hear that the testimony was given at a prior trial will likely confuse the jury and direct their attention to the nature and circumstances of the prior trial, an area not proper for the jury's consideration. Therefore, referencing the 2013 trial as a prior proceeding will likely avoid any confusion or impermissible consideration by the jury.

## CONCLUSION

WHEREFORE, premises considered, the government respectfully requests this Court to grant these motions in *limine*.

Respectfully submitted,

JEANINE FERRIS PIRRO
Interim United States Attorney

/s/ Nihar Mohanty
Nihar Mohanty
Assistant United States Attorney
D.C. Bar No. 436-686
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7700

DAVID L. JAFFE
Chief, Violent Crime and Racketeering Section

By:   /s/Lakeita F. Rox-Love
Lakeita F. Rox-Love
Trial Attorney
MS Bar No. 103871
1301 New York Avenue, NW
Washington, D.C.  20530
(202) 307-3345

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2025, I electronically filed the foregoing Motion with the Electronic Case Filing System (ECF), which served to send notification of this filing to counsel of record.

This the 10th day of June, 2025.

/s/Lakeita F. Rox-Love
Lakeita F. Rox-Love
Trial Attorney