UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 10-cr-256-14, 16 (RCL) |
| | : | |
| MOISES HUMBERTO RIVERA-LUNA, | : | |
| and TOKIRO RODAS-RAMIREZ, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S MOTION TO COMPEL PHOTOGRAPHING OF DEFENDANTS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court for an Order compelling the defendants to allow law enforcement officers to photograph them so that their MS-13 tattoos may be used as evidence at trial. As demonstrated below, the Government may compel a defendant to be photographed, and the presence of gang tattoos is relevant evidence in this case.

## I.    FACTUAL BACKGROUND

As the Court knows, the defendants are charged with RICO conspiracy in violation of 18 U.S.C. § 1962(d). Doc. 330 (Fourth Superseding Indictment). In particular, they are charged with committing certain criminal acts on behalf of MS-13. A photo of defendant Moises Humberto Rivera-Luna published in a Guatemalan magazine shows that he has a tattoo of a symbol associated with MS-13 on his back. His NCIC report also indicates that he has a tattoo on his left shoulder. Likewise, photos of defendant Tokiro Rodas-Ramirez taken in connection with his arrest in 2022 show that he has several tattoos including some that appear to be related to membership in MS-13. The Government anticipates that it will need better photos and photos that can be admitted at trial, however.

II.    **ARGUMENT**

The Supreme Court has made clear that the Fifth Amendment offers no protection against compulsion to submit to fingerprinting, *photographing*, or measurements . . . or to make a particular gesture." *Schmerber v. California*, 384 U.S. 757, 764 (1966) (emphasis added). It is thus well-settled that the Fifth Amendment "does not preclude the use of one's body as evidence." *United States v. Brown*, 125 F.4th 1186, 1202 (D.C. Cir. 2025).  The Courts have found that tattoos are analogous to physical evidence unprotected by the Fifth Amendment. *United States v. Velasquez*, 881 F.3d 314, 338 (5th Cir. 2018). Additionally, the decision to get the tattoo was wholly voluntary and not the result of government compulsion. *Id*.  Accordingly, defendants may be ordered to appear for photographs and provide fingerprints or other physical evidence without violating the Fifth Amendment. *Id.; see also Holt v. United States*, 218 U.S. 245, 252 (1910) (requiring defendant to put on blouse); *United States v. Wade*, 388 U.S. 218 (1967) (ordering defendant to say specific words at line up); *Gilbert v. California*, 388 U.S. 263 (1967) (ordering defendant to provide handwriting exemplar); *Schmerber*, 384 U.S. at 764 (ordering blood test).

Here, as noted above, a photograph of the defendants' tattoos may help confirm the defendants' involvement in MS-13. The Supreme Court has specifically held that a defendant has no Fifth Amendment right to preclude photographing. *Schmerber*, 384 U.S. at 764. Further, the courts have repeatedly allowed the admission of photos depicting a defendant's tattoos in similar circumstances. *See, e. g., United States v. Suggs*, 374 F.3d 508 (7th Cir. 2004) (allowing admission of photos of defendant's gold tooth and tattoos to show gang affiliation); *United States v. Alviar*, 573 F.3d 526, 538 (7th Cir. 2009) (holding the defendants tattoos tended to establish gang membership or affiliation, and it was proper for the government to prove gang membership as part of the conspiracy).  Indeed, in the 2013 trial in this case, the Court allowed photographs of the

tattoos of defendants Noe Machado Erazo and Jose Martinez Amaya to be admitted at trial. Their tattoos were relevant to show their membership in the charged enterprise. Accordingly, for the same reason, the defendants should be compelled to appear so that law enforcement officers may photograph them.[1]

WHEREFORE, the United States respectfully requests that the Court grant the relief requested in this motion.

JEANINE FERRIS PIRRO
United States Attorney

By:    /s/ NIHAR R. MOHANTY
NIHAR R. MOHANTY
D.C. BAR NO. 436-686
Assistant United States Attorney
601 D Street, N.W., Fifth Floor
Washington, D.C. 20530
(202) 252-7700
Nihar.Mohanty@usdoj.gov

---

[1] The Government does not object to the defense counsel attending the photographing of their clients, of course. The Government will also have a male photographer.