**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**TOKIRO RODAS-RAMIREZ,**<br><br>**Defendant.** | **Case No. 10-CR-256** |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION IN LIMINE RE: ALLEGED MS-13 RULES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia (the "Government"), respectfully submits this Opposition to Defendant Tokiro Rodas-Ramirez's Motion *in Limine* Re: Alleged MS-13 Rules (ECF No. 815), which Defendant filed yesterday, Sunday, April 5, 2026.

At the last trial in December 2025, the Government presented Exhibits 120 and 120A (the latter of which is a translation), which is a set of MS-13 rules that were written on a notebook that law enforcement had recovered during a search of a residence in Gaithersburg, MD in July 2012. Montgomery County Police Officer Troy Tippett testified that the resident (and target of that operation) was affiliated with MS-13.

Along the same lines as the instant motion, Defendant objected to this same exact exhibit at the last trial. At the bench conference, Defendant made the following argument:

> This is a document that was found in 2012. The last overt act alleged in the fourth superseding indictment in this case took place in 2010. And so I don't see the relevance of what I know to be a list of MS-13 rules by someone who has not been connected by the government to our clients, to the Normandy clique or to anything else that's relevant to this case. So I object to the introduction of the rules.
> We already had an expert testify about the rules. I don't see how this adds anything. I do think it's unfairly prejudicial and I also think it's irrelevant.

1

Trial Tr. 147–48 (Dec. 3, 2025).  In response, the Government made the following argument:

> Your Honor, this is a continuing enterprise, and it goes to conspiracy.  But also, Your Honor, the date of the indictment is from 2008 occurring to the present of when the indictment was returned, which I believe was in 2013, Your Honor.  So this is well within the timeframe for the charged conspiracy.

*Id.* at 148.  Indeed, Counts 1 and 2 specifically include a date range of "[b]eginning on a date unknown to the Grand jury but since at least the late 1990s, and continuing up through and including the present," which was May 2013.  This Court ultimately overruled the objection and allowed the Government to introduce Exhibits 120 and 120A.

Now, under the guise of "new discovery," Defendant moves *in limine* to exclude the same written MS-13 rules under the same premise.  Defendant argues that certain text messages, which were extracted from a cellphone recovered from the same residence on the same day, mirror the written MS-13 rules, such that the written MS-13 rules are not relevant.[1]  On the contrary, however, these messages only strengthen the connection between the written MS-13 rules and the instant case.  The text messages were received from a phone number with a "503" country code, which corresponds with El Salvador.  Sgt. Betts, who was qualified as an expert in MS-13, testified that orders and rules are passed down to cliques from the top leadership in El Salvador.  Although some rules vary from clique to clique, Sgt. Betts testified that certain core principles—*e.g.*, members shall not cooperate with law enforcement, members shall kill rivals (or "chavalas") on site, and members shall not attack other members—existed across all cliques of MS-13.  Sgt. Betts also testified that these core principles remained intact between 2008 and 2012.

In many respects, the MS-13 rules in Exhibit 120 are consistent with the core principles

---

[1] The Government received these text messages for the first time on March 31, 2026.  The Government disclosed these messages to the defense by the next day, on April 1, 2026.  The Government does not intend to elicit testimony about these messages, unless the defense opens the door to the testimony on cross examination.

about which Sgt. Betts testified.  For example, the MS-13 rules in Exhibit 120 encouraged violence against rivals (specifically, "chavalas," the same word that Sgt. Betts used) and discouraged violence against other members.  The MS-13 rules in Exhibit 120 also specifically reference "PVLS," which Sgt. Betts testified is a reference for Park View Locos Salvatrucha, an MS-13 clique that existed in the DC-MD-VA area, alongside Normandie Locos Salvatrucha (or "NLS"), one of the primary cliques in the instant case.  Accordingly, these written MS-13 rules satisfy the low threshold of relevance under Rule 401.

## CONCLUSION

For the foregoing reasons, this court should deny Defendant's Motion *in Limine*.

Respectfully submitted,

Jeanine Ferris Pirro
United States Attorney

By:        /s/ *Mark Levy*
           Mark Levy
           Assistant United States Attorney
           D.C. Bar No. 241668
           U.S. Attorney's Office for the District of Columbia
           601 D Street, N.W.
           Washington, D.C. 20530
           (202) 252-7101
           Mark.Levy@usdoj.gov

3