**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,
Plaintiff,
vs.
MOISES HUMBERTO RIVERA-LUNA - 14,
TOKIRO RODAS-RAMIREZ - 16,
Defendants.

Criminal Action No. 1:10-256
Washington, DC
April 17, 2026
4:34 p.m.

---

TRANSCRIPT OF DELIBERATIONS PROCEEDINGS
**BEFORE THE HONORABLE ROYCE C. LAMBERTH**
UNITED STATES DISTRICT JUDGE

---

APPEARANCES:

**For Plaintiff:** **Nihar Ranjan Mohanty**
**Mark Levy**
U.S. ATTORNEY'S OFFICE - D.C.
Narcotics Trafficking Section
601 D Street N.W.
Washington, DC 20530
Email: nihar.mohanty@usdoj.gov
mark.levy@usdoj.gov

**For Defendant No. 14:** **Alfred Guillaume, III**
LAW OFC OF ALFRED GUILLAUME
1350 Connecticut Avenue NW
Suite 308
Washington, DC 20036
Email: ag3law@gmail.com

APPEARANCES CONT'D.:

**For Defendant No. 16:** **Robert A. Feitel**
LAW OFFICE OF ROBERT FEITEL
1300 Pennsylvania Avenue NW, 1505
Washington, DC 20008
Email: rf@rfeitellaw.com

**Sandi Rhee**
LAW OFFICE OF SANDI RHEE
10001 Georgetown Pike, Suite 63
Great Falls, VA 22066
Email: sandirheelaw@gmail.com

**Reported By:** **Lorraine T. Herman, RPR, CRC**
Official Court Reporter
U.S. District & Bankruptcy Courts
333 Constitution Avenue NW
Washington, DC 20001
lorraine_herman@dcd.uscourts.gov

*** Proceedings recorded by stenotype shorthand.
*** Transcript produced by computer-aided transcription.

**P R O C E E D I N G S**

**DEPUTY CLERK:** We are on the record with criminal case 10-256, *United States of America vs. Moises Humberto Rivera-Luna and Tokiro Rodas Ramirez*.

For the record, the interpreter was sworn.

Starting with the government, please approach and state your appearance for the record.

**MR. MOHANTY:** Good afternoon, Your Honor. Nihar Mohanty and Mark Levy for the United States.

**MR. GUILLAUME:** Good afternoon, Your Honor.

Alfred Guillaume for Moises Humberto Rivera-Luna, who is seated to my left.

**MR. FEITEL:** Good afternoon, Your Honor.

Robert Feitel and Sandi Rhee for defendant Tokiro Rodas Ramirez.

**THE COURT:** Okay.

What's the government propose regarding the note from the jury?

**MR. MOHANTY:** Your Honor, our proposal would be that the Court take the partial verdict and then we see what the next steps, if any, might be.

**THE COURT:** All right. If you do that, I'm not sure that there is any next step because of the disclosure.

**MR. MOHANTY:** I appreciate that, Your Honor. I appreciate that.

**THE COURT:** Okay.

What's the position of the defendant?

Let me ask Mr. Guillaume first.

**MR. GUILLAUME:** Court's brief indulgence, Your Honor.

(Brief pause in the proceedings.)

**MR. GUILLAUME:** Your Honor, I think taking a partial verdict would be appropriate and then declaring a mistrial on the remaining counts.

**THE COURT:** Without a verdict?

**MR. GUILLAUME:** No.

**THE COURT:** That's denied. What's your next position?

**MR. GUILLAUME:** No, no. Taking a partial verdict.

**THE COURT:** Alright.

**MR. GUILLAUME:** I'm sorry if I misspoke, Your Honor. Taking a verdict; the partial verdict.

**THE COURT:** Okay.

**MR. FEITEL:** Good afternoon, Your Honor.

Yeah, we agree that we should take the partial verdict and declare a mistrial. I think as Your Honor obliquely referenced, we now know the split in the jury. So sending them back, I think it would be coercive, you know. Depending on the verdict, it may be largely unnecessary. It's just impossible to know. Our position is we take the

partial verdict and Your Honor declare a mistrial on the remaining counts.

**THE COURT:** It's an odd note because their disclosure of the split, assuming that's what it is, is disclosing jury misconduct that would entitle an inquiry into the misconduct of the juror and possible replacement and restart of jury deliberations.

But at the same time, having reached a verdict, the Court is in the position of whether or not to accept the verdict. And if all parties are in agreement with accepting the one verdict ...

**MR. FEITEL:** So I would say this -- if we might have a moment. I had not viewed the letter in the same way Your Honor has, but as I've noted a couple times before ...

**THE COURT:** A juror who says at the outset they will not have any problem with never agreeing on a verdict --

**MR. FEITEL:** Right.

**THE COURT:** -- has a problem with me.

**MR. FEITEL:** No, I see in that and I know Your Honor has a lot of experience.

May we have a moment to consult amongst ourselves, in light of the Court's comments? We can do it at counsel table --

**THE COURT:** Sure.

**MR. FEITEL:** -- or quietly stand in the back.

(Brief pause in the proceedings.)

**MR. FEITEL:** Judge Lamberth, we have taken into account your observations and we have some responses, 'cause this is more -- you know, there's not this course in law school on how to interpret jury notes after a RICO trial. It's one of those things you have to have some experience in.

The first observation that we have is that the jury has said they've reached a verdict on one count. It could be interpreted as one count for one defendant or it could be interpreted as one count for both defendants. It's impossible to know. So it might be useful to have some clarity about that before we bring them in.

We have taken Your Honor's comment seriously. Transparency is always, always good. And thinking out loud is always bad, but these are the options as we see them: If the jury returned a verdict of guilty as to both defendants on the RICO count, it would be largely unnecessary to proceed to Counts 2 and 3.

If the jurors have reached a verdict of not guilty, on Count 1, for either defendant, and we ask Your Honor to kick off the recalcitrant juror, open the door with the replacement and start all over again, there's a chance that we will be remembered for this everywhere we go,

for so long as we live. I have to be candid. And we would feel about it [sic] in our hearts forever.

So, with that in mind, notwithstanding everything else, if Your Honor believes that the juror committed misconduct, it means that the verdict is invalid and we should not accept it.

If Your Honor wants to inquire of the foreperson, to figure out what the other person did or didn't do, that's fine with us. Because having a verdict that's based on a valid set of deliberations, is more important, I think, than playing gamesmanship with things. It's like playing chess blind, without knowing where the pieces are on the board. And I think that's our collective position. Yes?

**MR. GUILLAUME:** Yes, Your Honor. We agree on behalf of Mr. Rivera-Luna.

**THE COURT:** Let me get the government's response.

And, I think, in light of the hour, it may be that I would say to the jury today, the question they presented is legally more difficult than it seemed on the surface; and that I'm going to ask them to come back Monday. And we might want to do some more research on the question, the legal questions presented.

I'll explain it to them that way.

**MR. FEITEL:** I appreciate that.

Also, candidly, Your Honor ...

**THE COURT:** I could explore the question with the foreperson. We can talk more about whether I would like to have a conversation with the juror that we might excuse and that sort of thing.

**MR. FEITEL:** That's agreeable to us, Your Honor. That maintains the status quo.

**THE COURT:** Well, the possibility of asking some question back to the jury is also there, I think.

Let me see what the government thinks.

**MR. FEITEL:** Thank you.

**THE COURT:** Oh, he's not back yet. I'll give him a minute to say what he's being told.

**MR. MOHANTY:** I appreciate that, Your Honor.

**THE COURT:** I've done this a long time and haven't seen one quite like this one, I have to say.

**MR. MOHANTY:** It keeps us young, Your Honor.

May I step outside to see how things are going?

**THE COURT:** Yes.

(Pause in the proceedings.)

**MR. MOHANTY:** Your Honor, I appreciate the Court giving me and Mr. Levy time to consult. We will agree to the defense suggestion. It might be the better course, at this point, to inquire. And, again, like the Court said, given the late hour, it might be better to tell them that their note requires some more work by us. And then we'll

proceed as the Court...

**THE COURT:** I'm not sure -- I mean, the fact that the juror did, apparently, come to the conclusion on the one count, cuts against what I'm saying. So I don't know exactly what I can do. But everybody can research that question, and we'll come back at 9 Monday and decide before they resume deliberations or before I respond to the note at 10. I'll tell them I'll respond at 10.

**MR. MOHANTY:** Thank you, Your Honor.

**THE COURT:** You can present the best arguments you have and what you want me to do and tell me at 9 Monday, and we'll do it at 10 Monday.

**MR. MOHANTY:** Thank you, Your Honor.

**THE COURT:** Okay. We'll bring the jury in and I'll tell them what we are doing.

(Jury entered the courtroom.)

**THE COURT:** All right. You may be seated.

Good afternoon, ladies and gentlemen. You won't believe this, but this is a more complicated legal question than I expected and that I have dealt with in the past. I'm going to have to ask you to come back Monday, because I'm going to deal with the lawyers, Monday at 9:00, on the legal questions presented by some of the things in your note.

I'm going to ask you-all to come back Monday at 10:00, and I'll give you instructions when you come back

about what we'll do next. There's some very complicated legal issues presented by some of the things in your note that I have to work out with the lawyers. They have to do some research as well. I've been doing this a long time and you presented some interesting questions for me to research and work with the lawyers.

I'll see you-all back at 10:00 on Monday. I'm going to see the lawyers back here at 9. I will decide some things before you-all come back. I'll give you further instructions at 10:00, and we'll see you Monday.

Have a nice weekend.

Don't worry about this case over the weekend. I'll give you full instructions when you come back so you can complete the process on Monday.

Don't talk about the case until all of you are together back, after 10:00, and I give you the further instructions on Monday.

(Jury exited the courtroom.)

**THE COURT:** They took that remarkably well. Nobody threw anything at anyone.

I'll see you-all at 9:00 Monday. Any comments or thoughts or case law you want to give me over the weekend, send to my clerk, and I'll be happy to look at it.

**MR. MOHANTY:** Thank you, Your Honor.

Have a nice weekend, everyone.

**MR. GUILLAUME:** Thank you, Your Honor.

(Proceedings concluded at 4:51 p.m.)

**C E R T I F I C A T E**

I, **Lorraine T. Herman, Official Court Reporter**, certify that the foregoing is a true and correct transcript of the record of proceedings in the above-entitled matter.

April 20, 2026 /s/ Lorraine T. Herman

**DATE** **REPORTED BY**